[No. 15855.   Department One.—May 24, 1895.]

## J. J. RAUER, RESPONDENT, *v.* ROBERT BRODER ET AL., DEFENDANTS, W. H. SIGOURNEY, APPELLANT.

ACTION UPON NOTE — EXECUTION — INDORSEMENTS — ADMISSIONS OF AN-SWER—EVIDENCE.—In an action upon a note which is set out in the complaint with the indorsements thereon, where the complaint specific-ally avers the execution of the note and its indorsement by the payees and by another party, and none of these averments are denied in the answer, except the last indorsement, no evidence is necessary as to the execution of the note, or as to the first indorsement.

ID.—LIABILITY OF INDORSER—TIME OF DEMAND.—Where a note is pay-able at a specified date, and there is no waiver of demand and notice, in order to charge an indorser who has indorsed the note before maturity, it is essential to his liability that a demand should be made upon the maker upon the very day upon which the note falls due; and where it is not made until the following day, and no excuse therefor is claimed or proved, the effect is to discharge the indorser from liability.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion.

*Bull & Cleary,* and *A. W. Crandall,* for Appellant.

The note was dated September 1, 1890, and was due sixty days after date, and, therefore, fell due October 31, 1890, the day before the presentment of the note. (Civ. Code, secs. 10, 3132; *Presbrey* v. *Williams,* 15 Mass. 193; *Cornell* v. *Moulton,* 3 Denio, 12; *Blackman* v. *Near-ing,* 43 Conn. 56; Wood on Limitation of Actions, 95; *Saben* v. *Burke* (Idaho, Jan. 31, 1894), 37 Pac. Rep. 332.) Presentment must be made on the date of maturity or the indorser is discharged. (Civ. Code, sec. 3131,

subd. 5; 2 Am. & Eng. Ency. of Law, 386, 401; *Wilson v. Senier,* 14 Wis. 381; 21 Am. Rep. 634; *Hoffman v. Hollingsworth* (Ind. App., June 6, 1894), 37 N. E. Rep. 960; 1 Parsons on Contracts, 268; 1 Waite's Action and Defenses, 639.)

*F. A. Berlin,* and *E. J. McCutchen,* for Respondent.

The question of date of maturity of the note is raised on appeal for the first time. The memorandum at the bottom of the note below the signature reads, " Due at Bank of Visalia, Nov. 1st, 1890," and that memorandum must be presumed to be a part of the note. (Daniell on Negotiable Instruments, secs. 74, 79, 149–51, 154; *Turnbull* v. *Thomas,* 1 Hughes (U. S. Cir. Ct.), 172; *Benedict* v. *Cowden,* 49 N. Y. 402; 10 Am. Rep. 382; *Dewey* v. *Reed,* 40 Barb. 21; *Wait* v. *Pomeroy,* 20 Mich. 427; 4 Am. Rep. 395; Randolph on Commercial Paper, secs. 191; *Franklin Sav. Inst.* v. *Reed,* 125 Mass. 365; *Heywood* v. *Perrin,* 10 Pick. 228; 20 Am. Dec. 518; *Benthall* v. *Hildreth,* 2 Gray, 288; *Ulmer* v. *Reed,* 11 Me. 293; Tiedeman on Commercial Paper, sec. 41; *Fletcher* v. *Blodgett,* 16 Vt. 26; 42 Am. Dec. 487; Randolph on Commercial Paper, sec. 190; *Turnbull* v. *Thomas, supra; Tuckerman* v. *Hartwell,* 3 Greenl. 147; 14 Am. Dec. 225; *Jones* v. *Fales,* 4 Mass. 245; *Heywood* v. *Perrin, supra; Springfield Bank* v. *Merrick,* 14 Mass. 322; *Coolidge* v. *Inglee,* 13 Mass. 26; *Shaw* v. *First Meth. Soc. etc.,* 8 Met. 223; *Barnard* v. *Cushing,* 4 Met. 230; 38 Am. Dec. 362; *Makepeace* v. *Harvard College,* 10 Pick. 298; *Johnson* v. *Heagan,* 23 Me. 329; *Henry* v. *Coleman,* 5 Vt. 403; *Way* v. *Batchelder,* 129 Mass. 361; *Fitch* v. *Jones,* 5 El. & B. 238.)

SEARLS, C.—This is an action on a promissory note, dated September 1, 1890, made by Robert Broder for two thousand eight hundred and eighty dollars, payable sixty days after date, without grace, with interest at six per cent per annum, to W. H. Sigourney, or order, " Due at the Bank of Visalia of Harrell & Son."

Robert Broder, the maker of the note, made default. Defendant W. H. Sigourney answered, and a trial was had before the court without the intervention of a jury, and judgment entered in favor of plaintiff and against said defendants, from which judgment and from an order denying his motion for a new trial defendant Sigourney appeals.

The first point made by the appellant is that there was no sufficient evidence of the execution of the note by Robert Broder, the alleged maker thereof, or of its indorsement by Sigourney or Charles H. Wood.

A copy of the note is set out in the complaint with the indorsements thereon, and it is specifically averred therein that it was made by Robert Broder, indorsed by Sigourney and Wood before maturity, and by the American Bank and Trust Company. None of these averments are denied in the answer, except the indorsement by the American Bank and Trust Company, as to which last-mentioned indorsement there was proof. As to the others no evidence was necessary.

The only important contention in the case relates to the sufficiency of the demand upon the maker, and notice of dishonor to defendant Sigourney as an indorser.

As before stated, the note was dated September 1, 1890, and was payable sixty days after date.

"The time within which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded." (Civ. Code, sec. 10.)

There are no days of grace allowed in this state. (Civ. Code, sec. 3181.)

Defendant Sigourney was an indorser before maturity of the promissory note, and, not having waived demand and notice, it was essential to his liability that such demand should have been made upon the very day upon which the note fell due, which was on Friday October 31, 1890.

The demand not having been made upon the maker

of the note until Saturday, November 1, 1890, was one day too late (Civ. Code, sec. 3131, subd. 5), and no excuse therefor having been claimed or proven, the effect was to discharge the defendant Sigourney from his liability as an indorser.

It follows that defendant's motion for a nonsuit should have been granted, and that the finding of the court below, "that at maturity the said note was duly presented to said Robert Broder (the maker), and payment thereof demanded," etc., is wholly unsupported by the evidence.

The judgment and order appealed from should be reversed, and the cause remanded for such action as may be consistent with this opinion.

BRITT, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and the cause remanded for such action as may be consistent with this opinion.

         HARRISON, J., GAROUTTE, J., VAN FLEET, J.

Hearing in Bank denied.