[Civ. No. 6742. Second Appellate District, Division One.—June 30, 1930.]

WALTER W. NORTON et al., Respondents, v. MAURICE A. VROMAN et al., Defendants; E. W. SHOW, Appellant.

Hugh M. Bole, and Minor Blythe for Appellant.

John J. Craig for Respondents.

YORK, J.—The plaintiffs and respondents brought an action against defendants based upon nonpayment of a promissory note for the sum of $1700, dated April 3, 1926, due one year after date, without grace, with interest at seven per cent per annum. This note was signed by defendant Vroman, as maker, and by appellant Show, as indorser.

The evidence adduced at the trial showed that no demand or presentment was made upon either of said defendants, except a demand for payment made by letter addressed to both defendants, dated April 15, 1927, being twelve days after the date of maturity of said note. Upon conclusion of plaintiffs' case, the appellant made motion for a nonsuit on the ground that the note did not bear a waiver of demand, notice or protest, and that presentment not having been made on the day the note fell due, appellant, as indorser, could not be charged with liability for the amount

due on said note. This motion was denied and, after further evidence taken, judgment was rendered in favor of the plaintiffs for the sum of $1700 principal, $357 interest and $250 attorney's fees.

Upon appeal appellant contends that error was committed by the trial court in denying the motion for a nonsuit, and further, that the evidence is insufficient to support the findings and judgment.

█ At this time the question before this court is whether or not appellant is liable for the amount due on the note, presentment not having been made on the day it fell due.

The case of *Rauer* v. *Broder*, 107 Cal. 282 [40 Pac. 430], holds that where a note is payable at a specified date, and there is no waiver of demand and notice, in order to charge an indorser who has indorsed the note before maturity it is essential to his liability that a demand should be made upon the maker upon the very day upon which the note falls due; and where it is not made until the following day, and no excuse therefor is claimed or proved, the effect is to discharge the indorser from liability.

This decision is based upon the provisions of section 3131, subdivision 5 of the Civil Code, which provided: "5. The instrument must be presented upon the day of its maturity. . . . " This provision, after repeal of above named section, was re-enacted by section 3152 of the Civil Code, as follows: "Where the instrument is not payable on demand, presentment must be made on the day it falls due. . . . "

In view of the rule laid down by the cited case and code sections, the motion for a nonsuit should have been granted as to appellant Show. And for like reasons, the evidence is not sufficient to support the findings and judgment. Motion to take additional evidence is denied.

The judgment against appellant Show is reversed.

Conrey, P. J., and Houser, J., concurred.