[L. A. No. 1962. In Bank.—August 20, 1907.]

E. F. KINSEL, Respondent, v. L. M. BALLOU, Appellant.

PROMISSORY NOTE—INDORSEMENT ''WITH RECOURSE''—AGREEMENT FOR NON-RECOURSE—FINDINGS.—In an action against the indorser of a promissory note, who indorsed the same ''with recourse,'' a finding that at the time of the transfer of the note there was no agreement that the transferee should not have recourse to the indorser, but should look solely to the security of a chattel mortgage, is held supported by the evidence. *Quære*, whether in an action on such indorsement, and in the absence of a showing of fraud or mistake, oral evidence could be introduced that an indorsement ''with recourse'' was intended to be ''without recourse.''

ID.—PROVISION FOR ACCELERATION OF PAYMENT—DEFAULT IN INTEREST— OPTION TO PAY IN INSTALLMENTS.—Where a promissory note, the date of maturity of which was eighteen months after its date, provides for the payment of monthly interest, and that the whole principal and interest might become due, at the option of the holder, upon default in the payment of the interest, a further provision that "principal and interest payable . . . in sums of twenty-five dollars or more monthly, together with interest monthly,'' is not inconsistent with the prior provision for the acceleration of the payment of the entire principal, but is merely an option given to the maker to make partial payments on account of the principal in advance of the maturity of the note.

ID.—LIABILITY OF INDORSER—EXERCISE OF OPTION—REASONABLE TIME FOR EXERCISE.—The liability of an indorser of a promissory note under a provision thereof that in the event of default being made in the payment of any monthly installment of interest when due, ''then the whole sum of principal and interest shall become immediately due and payable at the option of the holder,'' does not accrue until the holder has exercised the option so given him, and the holder has a reasonable time, after default, within · which to determine whether or not he will exercise the option and declare the principal of the note at once due and payable.

ID.—FIFTEEN DAYS NOT UNREASONABLE.—The rule allowing a reasonable time for the exercise of the option applies as well to fixing the liability of an indorser as that of the maker; and a delay of fifteen days after default in the payment of a monthly installment of interest is not unreasonable.

ID.—PROCEEDINGS TO CHARGE INDORSER.—It is sufficient to charge the indorser of such note, if the holder on the fifteenth day after default, having then elected to consider the entire note due, presents it to the maker and demands payment, and on the same day notifies the indorser of its dishonor.

ID.—DEATH OF JOINT MAKER OF NOTE—PRESENTATION OF NOTE—PLEADING.—In an action against an indorser of a promissory note executed by two persons, one of whom was dead at the time the note was presented for payment, a complaint which alleges that the note was presented for payment at the place where the deceased maker had her residence at the time of her death, and that payment on her behalf was refused, is not uncertain in failing to allege the name of the person to whom the presentation was made. Such fact was a mere matter of evidence.

ID.—NOTE SECURED BY MORTGAGE—INDORSER MAY BE SUED WITHOUT FORECLOSURE.—In this state the indorser or guarantor of a note secured by a mortgage may be sued upon his obligation without a foreclosure of the mortgage.

APPEAL from a judgment of the Superior Court of Los Angeles County.  W. P. James, Judge.

The facts are stated in the opinion of the court.

Tanner, Taft & Odell, for Appellant.

H. R. Hervey, and W. W. Butler, for Respondent.

SLOSS, J.—Appeal from a judgment in favor of plaintiff in an action brought against the defendant as indorser of a promissory note.  The appeal was taken within sixty days, and the evidence is brought up in a bill of exceptions.

The note, which is set out in full in the complaint, reads as follows:—

"$900.00      LOS ANGELES, CALIFORNIA, Feby. 18th, 1904.

"On or before August 18th, 1905, after date and for value received, we jointly and severally promise to pay to C. W. Hatch and E. E. Hatch or order at Los Angeles, California, the sum of nine hundred dollars, with interest from date until paid, at the rate of 1½ per cent per month payable monthly; should the interest not be so paid, it shall become a part of the principal and thereafter bear like interest as the principal. Should default be made in the payment of any installment of interest when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note. Principal and interest payable in gold coin of the United States in sums of twenty-five dollars or more monthly, together with interest monthly.

                          "E. M. JENNINGS.
                          "MARY S. JENNINGS.

" [Indorsed.]
"Without recourse on us.

                          "C. W. HATCH.
                          "E. E. HATCH.

"Pay to the order of E. F. Kinsel with recourse to me.
                          "L. M. BALLOU."

1. One of the defenses was that the defendant had indorsed the note without recourse to him, by simply signing his name below that of the prior indorsement without recourse, and that the words "Pay to the order of E. F. Kinsel with recourse to me" had, after the delivery of the note, been written above his signature without his knowledge or consent. The court found against this allegation, and there was ample evidence to sustain the finding.

2. The defendant attacks the finding that notice of default had been given him, but the complaint alleges the giving of such notice, and the answer fails to deny it.

3. The answer alleges that at the time the defendant transferred the note to plaintiff it was understood and agreed that the plaintiff should have no recourse to the defendant should such note not be paid when due, and that plaintiff should rely

solely upon the security of a chattel mortgage, by which the note was secured. The evidence fully supports the findings of the court against such agreement, if it could be conceded that the defendant was entitled to introduce evidence of an oral understanding directly controverting the terms of his written agreement. It is true that, as between himself and his immediate indorsee, the indorser may sometimes show that the indorsement was made merely for the purpose of transferring the instrument. (*Allin* v. *Williams,* 97 Cal. 403, [32 Pac. 441] ; *Kendall* v. *Parker,* 103 Cal. 319, [42 Am. St. Rep. 117, 37 Pac. 401].) These were cases dealing with a simple indorsement, which was not inconsistent with the verbal agreement proven. But we are cited to no case holding that, in the absence of fraud or mistake, oral evidence may be introduced to show that an indorsement "with recourse" was intended by the parties to be "without recourse."

4. The complaint alleges that interest was paid to August 18, 1904; that on the third day of October, 1904, default having been made in the payment of the interest installment due on September 18th, plaintiff elected to declare the whole sum of principal and unpaid interest immediately due and payable, and on said third day of October, 1904, notified the makers of such election and presented the note for payment; and that plaintiff on the same day notified the defendant of his election and of the non-payment of the note. The last sentence of the note reads: "Principal and interest payable in gold coin of the United States *in sums of twenty-five dollars or more monthly, together with interest monthly.*" The italicized words are in writing, the rest of the note, with the exception of the names, date, amount, and figures, being printed. It is urged that the provision quoted is in conflict with the provision allowing the principal sum to become due for default in payment of a monthly installment of interest, and that the note read as a whole should be construed merely for monthly payments of twenty-five dollars for principal and interest together, at least until the eighteenth day of August, 1905. But we see no conflict between the different clauses. The provision for the payment of twenty-five dollars, or more, was merely an option given to the makers whereby they were permitted, in advance of the maturity of the note, to make partial payments on account of the principal. It did not limit their

obligation to pay the interest monthly, nor did it destroy or modify the holder's right to declare the entire sum due when there should be a default in the payment of interest.

5. It is argued that since the unpaid installment of interest fell due on September 18th, demand should have been made on that day, and immediate notice given to defendant as indorser, in order to hold him. The demand was made, and the notice given, on October 3d, and the contention is that the delay of fifteen days discharged the defendant. (*Rauer* v. *Broder,* 107 Cal. 282, [40 Pac. 430]; Civ. Code, sec. 3131, subd. 5.)

But this action was not brought to recover the interest due on September 18th alone. Its purpose was to enforce the liability arising under the provision of the note that in the event of default being made in the payment of any installment of interest when due, "then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note." This liability did not arise until the latter exercised the option so given to him, and, as the complaint alleges and the court finds, he exercised it on the third day of October. On the same day he made his demand on the makers and gave notice to the indorser. Under a clause of this kind, the holder is allowed a reasonable time in which to determine whether or not he will exercise his option and declare the principal of the note at once due and payable. (*Hewitt* v. *Dean,* 91 Cal. 617, [25 Am. St. Rep. 227, 28 Pac. 93]; *Fletcher* v. *Dennison,* 101 Cal. 291, [35 Pac. 868].) *Crossmore* v. *Page,* 73 Cal. 213, [14 Pac. 787], cited by appellant, declares nothing to the contrary. The court there said that "the holder was entitled to a reasonable time to exercise his option." In that case the holder had permitted seven months to elapse, and the court held that this was more than a reasonable time. In *Fletcher* v. *Dennison,* a delay of fifty-nine days was held not to be unreasonable as matter of law. Where the delay was fifteen days, it certainly cannot be said that the trial court was not justified in finding, as it impliedly found here, that the holder had acted with reasonable promptness, especially in view of the evidence that prior installments of interest had been paid on the first day of the month succeeding the one in which they fell due.

It is argued that the rule allowing a reasonable time for the exercise of the option has no application to the indorser of a note; that as to him the option must be declared and the demand made on the very day the interest installment falls due. But we see no reason for this distinction. The indorser of a negotiable instrument warrants, *inter alia,* that if the instrument is dishonored, he will "upon notice thereof duly given to him, . . . pay the same with interest." (Civ. Code, sec. 3116.) A negotiable instrument is dishonored when it is not paid, on presentment for that purpose. (Civ. Code, sec. 3141.) The instrument must be presented on the day of its maturity. (Civ. Code, sec. 3131, subd. 5.) Notice of dishonor, when given otherwise than by mail, must be given on the day of dishonor, or on the next business day thereafter. (Civ. Code, sec. 3147.) If given by mail, it must be deposited in the post-office in time for the first mail which closes after noon on the first business day succeeding the dishonor. (Civ. Code, sec. 3148.) In the present case, the principal sum was not due until the holder had exercised his option to declare it due. This he did on the third day of October, and on the same day he made presentment and gave notice of dishonor to the defendant. He thereby complied with every step required to fix the liability of the indorser. If it be said that an installment of interest was due on September 18th, and that as to this the holder could not delay presentment until October 3d and still hold the indorser, it may be answered that the judgment did not include any interest accruing up to September 18th. The amount recovered was the principal of the note, with interest *from* September 18th. The interest accruing between said date and the third day of October, became due, like the principal, at the option of the holder, for failure to pay the preceding installment.

6. Mary S. Jennings, one of the makers, had died prior to maturity of the note, and there had been no administration of her estate. We need not here decide whether, as to her, presentment was excused by these facts. The court found that the plaintiff presented the note for payment to the person in charge of the hotel in which Mary S. Jennings resided at the time of her death. The appellant attacks this finding. The only specification of insufficiency is that "no proof was

introduced as to who was in charge of the Hotel Wheeler," a specification that is not sustained by the record, since the plaintiff testified that he had presented the note to Mrs. Pool, "who was in charge of the Hotel Wheeler."

The complaint alleges that the plaintiff had presented the note for payment at the place where Mary S. Jennings had her place of business and her residence at the time of her death, and that payment on behalf of the said Mary S. Jennings was refused. The defendant demurred on the ground of uncertainty in that it did not appear to whom the demand on Mary S. Jennings was delivered. We think the overruling of the demurrer was proper. The name of the person to whom presentment was made was a mere matter of evidence. But even if there may have been some want of certainty in the allegation, it was not of a character to injure the appellant. If, when the proof was made, he was without evidence to meet it, and desired time to procure such evidence, he should have asked for a continuance for that purpose.

7. As a separate defense the answer alleges that the makers of the note, at the time of its execution, executed and delivered to the original payees, as security for the note, a chattel mortgage of certain property, and that this mortgage was assigned and transferred to the plaintiff with the note. It is further alleged that no proceedings to foreclose this mortgage have been taken by the plaintiff. It is argued by the appellant that, by reason of the existence of this mortgage, the liability of the makers was not absolute, but was contingent upon a failure of the mortgaged property to realize, on foreclosure, an amount sufficient to pay the note, and that the indorsement of defendant imposed upon him no greater liability than that of the original mortgagors. On these grounds it is claimed that, so long as no sale of the mortgaged property had taken place, the defendant's obligation to pay had not become fixed. It is no doubt true that, so far as the mortgagors themselves were concerned, an action to recover the amount of the note could not have been maintained apart from a foreclosure of the mortgage. As to them the mortgaged property constituted a primary fund for the discharge of the debt, and no personal judgment could have been entered against them, unless after foreclosure a deficiency had appeared. (Code Civ. Proc., sec. 726; *Bartlett*

v. *Cottle,* 63 Cal. 366; *Porter* v. *Muller,* 65 Cal. 512, [4 Pac. 531]; *Bull* v. *Coe,* 77 Cal. 54, [11 Am. St. Rep. 235, 18 Pac. 808]; *Barbieri* v. *Ramelli,* 84 Cal. 154, [23 Pac. 1086].)

But the defendant was not the mortgagor. His contract of indorsement was collateral to the original obligation of the mortgagors, and was not secured by the mortgage. In *Vandewater* v. *McRae,* 27 Cal. 596, the court said: "The mortgage given in this case was executed by the makers of the note, and the only personal liability secured by it, or intended to be secured by it, was that of the makers of the note as such; . . . The promise of the maker of a note is one thing and the promise of an indorser is another. One is primary and the other is secondary; one is absolute, the other turns upon conditions; each may be secured by a separate mortgage, or one mortgage may be so framed as to secure them both. . . . On the ground, then, that the right which this action is brought to enforce is unsecured by mortgage, we consider that the plaintiff is at liberty to pursue the defendants *in personam* on their contract of indorsement." *Carver* v. *Steele,* 116 Cal. 116, was, like the present case, an action by the holder of a promissory note against indorsers. The defendants relied upon the plea that the note was secured by mortgage and that the holder had failed to enforce and foreclose his mortgage. The court, holding that this was no defense, used the following language: "In general, unless some agreement or special circumstance imposes diligence upon the creditor as a duty, he does not, by mere failure to pursue the person primarily liable, discharge the guarantor, surety, or indorser, even though his passivity in this regard may result in barring his remedy against the original debtor. (*Whitney* v. *Clarke,* 17 Cal. 407; *Bull* v. *Coe,* 77 Cal. 54, 60, [11 Am. St. Rep. 235, 18 Pac. 808].) Accordingly the rule is that the creditor loses no rights against the indorser, whose liability has become fixed, by mere failure to enforce his lien against the property mortgaged for security for the debt. (*First National Bank* v. *Wood,* 71 N. Y. 405, [27 Am. Rep. 66]; *Hoover* v. *McCormick,* 84 Wis. 215, [54 N. W. 505]; *Fuller* v. *Tomlinson,* 58 Iowa, 111, [12 N. W. 127]; Colebrooke on Collateral Securities, sec. 241, and cases cited.)" The court goes on to say that even though the failure to foreclose the mortgage may have barred a personal action against.

the mortgagor, this consideration "does not reach respondents' case; their contract to pay Montgomery was not the same as that of Staples (the mortgagor); 'the promise of a maker of a note is one thing and the promise of an indorser is another'; and *their* promise was not secured by the mortgage held by Montgomery. (*Vandewater* v. *McRae,* 27 Cal. 596, 603.)"

These cases are directly in point and establish the proposition that in this state the indorser of a note secured by mortgage may be sued upon his obligation without a foreclosure of the mortgage.

In what has been said in this opinion, we have treated the contract of defendant as one of indorsement, and this is the aspect in which both parties have treated the case in their briefs. If, however, the defendants could be held to occupy the position of a guarantor (the view taken by the district court of appeal when the case was pending in that court), it would make no difference in the result. "There is no privity, of mutuality, or joint liability between the principal debtor and his guarantor." The defendant as guarantor, if he was such, made an independent contract upon which he was liable without regard to foreclosure of the mortgage as against the principal debtors. (*Adams* v. *Wallace*, 119 Cal. 67, [51 Pac. 14].)

The judgment is affirmed.

Angellotti, J., Shaw, J., Henshaw, J., Lorigan, J., and McFarland, J., concurred.