[L. A. No. 15726. In Bank.—May 21, 1936.]

EDWIN J. LOEB, Respondent, v. H. H. CHRISTIE, Appellant.

Sparling & Teel for Appellant.

Loeb, Walker & Loeb, Milton H. Schwartz and Herman F. Selvin for Respondent.

WASTE, C. J.—Defendant appeals from a judgment entered against him in an action based on an unconditional guarantee of a promissory note payable to plaintiff, which guarantee was executed May 19, 1930. The note so guaranteed by defendant was secured by a trust deed and at the time of this suit the power of sale therein given had not been exercised by the plaintiff.

■ It is first urged that an action will not lie against a guarantor of a secured obligation until the security has been exhausted. On many occasions it has been declared by this court to be the rule that the guarantor's liability may be enforced without first resorting to the mortgage security. (*Adams* v. *Wallace,* 119 Cal. 67, 70, 71 [51 Pac. 14]; *San Francisco etc. Seminary* v. *Monterey etc. Co.,* 179 Cal. 166, 172 [175 Pac. 693]; *Kinsel* v. *Ballou,* 151 Cal. 754, 760-762 [91 Pac. 620]; *Carver* v. *Steele,* 116 Cal. 116, 119 [47 Pac. 1007, 58 Am. St. Rep. 156]; *Cook* v. *Mesmer,* 164 Cal. 332, 340 [128 Pac. 917]; *Martin* v. *Becker,* 169 Cal. 301, 305-307 [146 Pac. 665, Ann. Cas. 1916D, 171].) In the case first cited it is declared that "if she be a guarantor for the payment of the debt upon default, then it would matter not whether there were other security for the payment of that debt; the principal creditor would have the right to prosecute his action against the guarantor without proceeding to realize upon other securities, or without going into equity to foreclose his mortgage." The case last cited points out that "the mortgage only affects the remedy against the mortgagor or primary debtor". We perceive of no sound reason for the application of a different rule where the security has assumed the form of a trust deed rather than a mortgage. In *Withers* v. *Bousfield,* 42 Cal. App. 304, 319 [183 Pac. 855], wherein we denied a hearing, it was held that a suit would lie against the guarantor of a note secured by an instrument in the nature of a trust deed without first exhausting the security. It is there declared: "This case presents no different aspect from the foregoing, and numerous other cases, decided by the courts of last resort of this state, in which it has been held that regardless of the necessity for exhausting the security given, before resorting to the personal liability of the maker of a note, nevertheless an indorser or guarantor may be sued upon his personal liability before and without such action having been taken."

Appellant urges that the decision in the case last cited antedated our determination of *Bank of Italy Nat. T. & S. Assn.* v. *Bentley,* 217 Cal. 644 [20 Pac. (2d) 940]. In the Bentley case we merely held, in effect, that as in the case of a mortgage, the land is intended under a trust deed to constitute the primary fund to secure the debt, thereby requiring a valid sale of the land as a prerequisite to the maintenance of a suit

*against the maker* on the note. This always has been the rule in connection with a note secured by mortgage (sec. 726, Code Civ. Proc.), but we nevertheless held, in the several cases above cited, that the guarantor of such a note may upon default be directly proceeded against without the preliminary formality of a foreclosure sale. In our opinion, the logical effect of the Bentley decision upon the problem here presented is to suggest, as in the case of the note secured by mortgage, an action against the guarantor without the necessity of a prior sale of the land. The Bentley case can afford no comfort to appellant.

■ Nor do we find anything in section 2809 of the Civil Code that requires a result different from that herein announced. The section reads: "The obligation of a guarantor must be neither larger in amount nor in other respects more burdensome than that of the principal; and if in its terms it exceeds it, it is reducible in proportion to the principal obligation." This section has been in the code since 1872 and its presence there in no way influenced the disposition of the several cases above referred to wherein it was held that an action would lie against the guarantor of a note secured by mortgage without the necessity of first foreclosing the mortgage. It is no answer to say that the section was overlooked in the decision of the above cases, for this argument would appear to be refuted by the reference to the section in *Cook* v. *Mesmer, supra,* p. 334. Moreover, in *Adams* v. *Wallace, supra,* p. 69, wherein it was urged upon appeal by the guarantor that the trial court erred in rejecting evidence tending to show that the guaranteed note was secured by mortgage, this court held that the guarantor "had bound herself for the payment of the note, and not for the payment of any deficiency which might result after the exhaustion of other security".

■ Our conclusion does not cause the guarantor's obligations to be any heavier or more burdensome than that of the principal or maker of the note. The fallacy in appellant's theory is traceable to the erroneous premise upon which it is based. He confuses the obligation of the principal or maker of a mortgage or trust deed note with the remedy to enforce such obligation. The liability of the principal or maker of a note secured by mortgage or trust deed is for the face amount of the note and is not simply for any deficiency

remaining after foreclosure or sale, as appellant assumes. A mortgage, trust deed, or any other security is merely a fund which the principal or maker of the note makes available for the performance of his obligation to pay. Though the mortgage or trust deed security becomes the primary fund for the discharge of the indebtedness, by virtue, respectively of the provisions of section 726 and *Bank of Italy* v. *Bentley, supra,* it merely remains a source from which the obligation of the principal or maker is to be repaid. The principal debtor remains liable at all times for the full amount of the obligation and may be compelled to pay it, first out of the security, and thereafter out of his general assets. The obligation of the guarantor is no heavier or more burdensome, since he is liable for as much as, but no more than, the principal debtor or maker of the note, viz.: the face value of the note. All that differs is the remedy against the guarantor but, under the authorities above cited, the obligation of the guarantor is separate and independent from that of the principal debtor, and the fund which the latter may have supplied for payment of his own obligation is not necessarily or logically available to the guarantor. As stated in one of the above cited cases, the mortgage only affects the remedy against the mortgagor or primary debtor.

Appellant's contention that the economic depression constitutes an equitable defense to the action is adversely disposed of by the decision in *California Securities Corp.* v. *Grosse,* 3 Cal. (2d) 732 [46 Pac. (2d) 170].

It is also urged by appellant that section 7 of chapter I of an act of the extra session of the 1934 legislature, effective September 15, 1934, commonly known as the Moratorium Act of 1934, is a bar to this action. Since the filing of appellant's briefs in this cause we have handed down our decision in the case of *Brown* v. *Ferdon,* 5 Cal. (2d) 226 [54 Pac. (2d) 712], and companion cases. Our holdings in these cases necessarily preclude the retroactive application of section 7 of the Moratorium Act of 1934, which undertakes to prohibit the commencement of an action against the guarantor "of any note secured by a mortgage or deed of trust upon real property in any case while by virtue of any law no sale may be made under any power of sale contained in such mortgage or deed of trust". To hold otherwise would be to impair the obligation of a contract and render the act unconstitutional. The

guarantee, which is the basis of this action, was executed in 1930, while the act relied upon as a defense did not become effective until 1934.

The judgment is affirmed.

Shenk, J., Langdon, J., Curtis, J., and Thompson, J., concurred.