[Civ. No. 11907. First Dist., Div. One. Apr. 9, 1942.]

MORTGAGE GUARANTEE COMPANY (a Corporation) et al., Plaintiffs and Respondents, v. PAUL W. SAMPSELL, as Trustee in Bankruptcy, etc., Appellant; R. E. ALLEN, as Receiver, Defendant and Respondent.

Loeb & Loeb and Norman Newmark for Appellant.

Fleming & Robbins and C. S. Tinsman for Respondents.

BRAY, J. pro tem.—Appeal from an order requiring the receiver to pay certain funds to plaintiffs.

On or about October 15, 1937, defendant Villa Riviera, Inc., purchased from plaintiff Mortgage Guarantee Company, a certain apartment house building property, together with all furniture and furnishings therein, for the sum of $1,001,224.50. A down payment of something more than $250,000 was made, partly by exchange of other properties. The balance of $750,-000 was evidenced by a promissory note in that amount, secured by a purchase money deed of trust with power of sale on the real property and a purchase money chattel mortgage with power of sale on all personal property. Both the deed of trust and the chattel mortgage provided that the beneficiary at its option should be entitled to rents. The controversy is over the rents. The provision of the deed of trust concerning the rents is as follows:

"In the event of any breach or default by TRUSTOR in the payment of any indebtedness secured hereby, or in the performance of any obligation, covenant, promise or agreement in this Deed of Trust or in any note secured thereby, or in the event of waste as defined herein, the BENEFICIARY shall be entitled, at its option, without notice, either by itself or by a receiver to be appointed by a Court therefor, and without regard to the adequacy of any security for the in-

debtedness secured hereby, to enter upon and take possession of the property conveyed hereby, or any part thereof, exclude TRUSTOR and all persons claiming under him, and do and perform any acts which the TRUSTOR is obligated hereunder to do or perform, in such manner and to such extent as may be necessary or proper to conserve the value of said property and protect the security of this Deed of Trust, *and collect and receive the rents, issues and profits thereof and apply the same, less costs of operation and collection, including reasonable attorney's fees, upon the indebtedness secured by this Deed of Trust, said rents, issues and profits being hereby assigned to the BENEFICIARY as further security for the payment of all indebtedness secured hereby."* (Italics ours.)

The promissory note was transferred by respondent Mortgage Guarantee Company to respondent Title Insurance & Trust Company, as trustee or depositary. For the purposes of this appeal both respondents will be treated as a single unit.

On April 22, 1939, Villa Riviera, Inc., defaulted in the payment of an installment of principal under the terms of the note, and in the payment of certain taxes. As a result, respondent elected to declare the entire balance under the note due and payable. On May 23, 1940, respondent made demand upon Villa Riviera, Inc., to deliver possession of all the real and personal property and for all rentals due or to become due for the use and occupancy of said premises. The demand having been refused, respondents on May 29, 1940, brought this action for possession of the property and for the rents, issues and profits. That same day a receiver was appointed ex parte. Thereafter the receiver collected all the rents, issues and profits from the apartment house until pursuant to the stipulation of the parties on October 9, 1940, the court ordered the receiver to deliver possession of the real and personal property to the respondent. None of the moneys received by the receiver have ever been turned over to the beneficiary. On December 12, 1940, the receiver filed his report and account showing the amount of money he had on hand, and asked the court for instructions as to whom to pay this money.

In the meantime and on September 24, 1940, pursuant to the power of sale in the deed of trust, respondent caused the real property to be sold and bought it in as depositary and trustee for the sum of $610,000. On November 22, 1940, Villa Riviera, Inc., was adjudicated a bankrupt and appellant

was thereafter appointed and qualified as trustee of its estate. On December 9, 1940, the chattel mortgage was foreclosed, through exercise of the power of sale contained therein. The respondent as trustee and depositary bought in the personal property at $90,000. The total indebtedness due under the note and the instruments securing it was $742,410.88. After deducting the $610,000 paid for the real property and the $90,000 paid for the personal property there remained a deficiency of $43,790.16.

The dispute here is whether the moneys in the hands of the receiver should be paid by him to respondents to apply upon that balance due, or should be paid to the appellant trustee in bankruptcy.

It is the appellant's contention that the exercise of the power of sale under a purchase money deed of trust terminates the right of the beneficiary to the rents collected by a receiver pending the sale, even though the proceeds of the sale were insufficient to pay the whole indebtedness.

A second contention of the appellant is that, in any event, where the right of collection and possession is granted in such a deed of trust and chattel mortgage to the beneficiary or receiver upon default, such right does not include rents accrued, but unpaid, at time of default and demand therefor.

Appellant's first point rests primarily upon his contention that the order of the court instructing the receiver to pay to the beneficiary the rents in his hands, is in effect the obtaining of a deficiency judgment which is barred by the provisions of section 580b, Code of Civil Procedure, which provides:

"580b. Deficiency judgment forbidden in certain cases. No deficiency judgment shall lie in any event after any sale of real property for failure of the purchaser to complete his contract of sale, or under a deed of trust, or mortgage, given to secure payment of the balance of the purchase price of real property."

Appellant contends that the order of the court requiring the referee to pay over the rents to the respondent is a money judgment and therefore, a deficiency judgment. Moreover, appellant contends that section 726, Code of Civil Procedure, precludes the recovery of the rents, because the mortgagee had elected to follow another form of action to recover his debt, namely, a sale under the power of sale in the deed of trust. Section 726 provides:

"There can be but one form of action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real or personal property, which action must be in accordance with the provisions of this chapter." And then goes on to prescribe the procedure for the foreclosure of such mortgages by court action.

Since this case was tried in the lower court, and on January 12, 1942, the Supreme Court has answered every contention of appellant on his first point, by its decision in the four consolidated cases cited as *Hatch* v. *Security First National Bank*, 19 C. (2d) 254 [120 P. (2d) 869]. In those cases, the court had under consideration a situation in which an estate had given a deed of trust on real property to secure an indebtedness. Thereafter the heirs of the estate had executed a deed of trust on different real property which belonged to them individually, as additional security for the indebtedness of the estate. As further and additional security for the same indebtedness, the estate also pledged certain personal property owned by the estate. Upon default, the deed of trust upon the estate real property was first foreclosed under the power of sale contained therein. The proceeds of this sale were applied to the indebtedness but left a large balance due upon the indebtedness. Next a sale of the pledged personal property was had. The proceeds of this sale reduced the indebtedness but still left considerable of a balance. Finally, the deed of trust upon the individually owned property of the heirs was foreclosed under its power of sale, and the proceeds of such sale likewise applied upon the debt. Thereafter, suits were brought upon behalf of the estate and the individuals to quiet title to the estate pledged personal property and the real property owned and pledged by the individual heirs. In those cases, it was contended that where a creditor holds a mortgage or deed of trust as security for an obligation and resorts to that security, either by judicial foreclosure or by power of sale, he may take no further steps to collect his debt unless he proceeds within three months under sections 580a, 725a or 726, Code of Civil Procedure, to establish the existence of an actual deficiency in the amount realized from the original security. The court there held that these sections impose no such requirement where the creditor merely seeks to realize upon additional security held by him and makes no attempt to secure a personal judgment for the unpaid balance. The court thoroughly reviews the cases in California and points out

that it has long been held that this type of legislation is a limitation solely upon the creditor's right to obtain a personal judgment for a deficiency against his creditor, and that the words "money judgment" used in section 580a refer only to a judgment in an action to obtain a *deficiency* judgment. The court also points out (page 300), that cases from other jurisdictions which establish a different rule, cited by the plaintiffs there (and which have been relied upon by the appellant here), do not apply for the reason that the statutes in the other jurisdictions are fundamentally different from those of this state. For example, the New York statute provides that in the event of the failure of the mortgagee to move for a deficiency judgment within a certain length of time and in a certain manner "the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt . . ." (Civil Practice Act, sec. 1083-a.) Therefore, in that state, failure to request a deficiency judgment at the proper time is tantamount to conceding that the mortgage debt has been paid in full by the proceeds of the foreclosure sale. But our statutes do not even purport to wipe out the debt, but only to apply in the contingency that a deficiency judgment is sought.

The Hatch case was considering section 580a which applies to a non-purchase mortgage or deed of trust, and which in effect prohibits a deficiency judgment until it is shown in the manner and within the time allowed by that section, that the price for which the property was sold was its fair market value. Section 580b, which is the section upon which appellant relies in this case, states, in effect, that there can be no deficiency judgment at all where property is sold under a purchase money mortgage or deed of trust. In other words, for a purchase money mortgage or deed of trust the security alone can be looked to for recovery of the debt. But the decision in the Hatch case that section 580a applies only to an attempt to recover a deficiency judgment and does not either wipe out the debt or prohibit a resort to any other or additional security, answers equally the contention of appellant that under section 580a a sale of the property either wipes out the indebtedness or prevents the creditor from foreclosing upon other security or from obtaining any type of judgment other than one for a deficiency. As said in the Hatch case (page 301), "The statute [580a there, but equally applicable to 580b here] . . . does not provide that

failure to sue thereunder for a deficiency judgment is to be deemed a concession that the principal obligation has been fully satisfied.'' Therefore, there is nothing to prevent the creditor from proceeding to foreclose upon any additional security which he may have, which in the Hatch case, was a pledge of personal property by the estate and a deed of trust upon additional property of the heirs, and which in the case at bar was a chattel mortgage and the assignment of rentals.

There can be no question but that the assignment of rentals in the deed of trust constituted additional primary security with the real property described in the deed of trust and the personal property described in the chattel mortgage. (*Title Guaranty & Trust Co.* v. *Monson,* 11 Cal. (2d) 621 [81 P. (2d) 944].) But even if these rentals did not constitute additional security, the action brought for them was not an action to obtain the money judgment mentioned in section 580a, nor was the order of the court requiring them to be paid to the respondent a deficiency judgment in the sense in which it is used in section 580b. Therefore, in no event would the sale under the deed of trust of the real property therein described, prevent the creditor from proceeding to foreclose his chattel mortgage and to obtain the rentals which in the deed of trust were assigned to him for security.

Appellant's contention that section 726, Code of Civil Procedure, which provides that there can be but one form of action for the recovery of any debt or the enforcement of any right secured by mortgage upon real or personal property, prevents the creditor from proceeding to obtain the rentals in this case, is answered also by the Hatch case, page 297, ''Since there was no judicial foreclosure in the present cases, these provisions of the statute [referring to sec. 726] have no direct application.'' To the same effect, *Ramsey* v. *Furlott,* 14 Cal. App. (2d) 145 [57 P. (2d) 1007], at page 147, ''It is well settled that such a sale, under the powers given by a deed of trust, will not bar a subsequent action to recover the remainder of the indebtedness.'' Also, *Merced Secur. Sav. Bank* v. *Casaccia,* 103 Cal. 641 [37 Pac. 648]; *Bank of California* v. *McCoy,* 23 Cal. App. (2d) 192 [72 P. (2d) 923].

The determination that the sale of the real property under the deed of trust does not wipe out the indebtedness nor prevent the creditor from proceeding to recover upon any other security, makes it unnecessary to consider a point raised

by the appellant to the effect that the court should determine the amount of the deficiency actually attributable to the unpaid purchase price of the personalty.

The next contention of appellant is, that the respondent is not entitled to those rentals collected by the receiver after his appointment but actually accrued prior to his appointment. When the receiver took charge there was an accumulation of accounts receivable being rentals due from persons occupying the premises. During his administration the receiver collected these accounts. As pointed out hereinbefore, the deed of trust provided that in the event of default the beneficiary was entitled, either by itself or by a receiver to be appointed by the court, to enter upon and take possession of the property and to collect and receive the rents, issues and profits thereof, "said rents, issues and profits being hereby assigned to the beneficiary as further security. . . ." Appellant contends that this only can refer to rents, issues and profits thereafter accruing and not to those already accrued.

Respondent contends that the language is broad enough to include both.

The general rule on the question of who is entitled to rents of mortgaged real property is set forth in 41 Corpus Juris, page 632, "Unpaid rents accrued prior to taking appropriate steps to subject them, unless conveyed to the mortgagee by a valid assignment, or expressly pledged by the mortgage, belong to the mortgagor, but there is authority to the contrary."

The general rule, too, upon the question of whether the pledge in the mortgage of the rents, issues and profits for the security of the mortgaged debt refers to prior accrued rents is set forth *In re Clark Realty Co.*, 234 Fed. 576 [148 C. C. A. 342], at page 582, where the court says, "As to the claim of the mortgagees to the rents and profits: The referee held that these rents belonged to the mortgagees from the time when by intervening petitions they claimed them, but denied their right to them prior to the date of the claim. Much of the brief of counsel for the mortgagees is devoted to the proposition that the clause in the mortgages including with the property mortgaged 'all the rents, issues and profits issuing and to issue out of said premises,' is valid. There can be no question as to the validity of this clause. The question is as to its effect. This clause in the mortgage did not give to the mortgagees an absolute right to the rents. Until there

was a default and until the mortgagees made some claim or demand for the rents, they belonged to the mortgagor. Until the mortgagee takes some steps to sequester the rents, he is not entitled to them. 'Ordinarily the mortgagor is entitled to rents and profits accrued up to the time that the mortgagee enters, or brings his right of entry or his bill to foreclose, and this right inheres in a trustee in bankruptcy. [Citing cases.] Under these authorities the decision of the referee and the district court, giving to the mortgagees the rents from and after the time they made claim for them and denying the rents accruing prior to such claims, was correct.''

That the general rule is followed by the California courts is shown in *Bank of America* v. *Bank of Amador County*, 135 Cal. App. 714 [28 P. (2d) 86], at page 721. ''The fact that the rents, issues and profits of the mortgaged property are expressly pledged for the security of the mortgaged debt, with the right in the mortgagee to take possession upon default, does not entitle the mortgagee to the rents and profits until he takes actual possession or until actual possession is taken in his behalf by a receiver. (*Simpson* v. *Ferguson*, 112 Cal. 180 [40 Pac. 104, 44 Pac. 484, 53 Am. St. Rep. 201].) Thus, the fact that in the instant case the trust deed purported to include the rents, issues and profits as security would not avail, unless the trustees were in actual possession at the time of the execution of the chattel mortgage belonging to the plaintiff.'' To the same effect, *Binney* v. *San Dimas Lemon Ass'n*, 81 Cal. App. 213 [253 Pac. 346]; *Casey* v. *Doherty*, 116 Cal. App. 42 [2 P. (2d) 495]; *Becker* v. *Munkelt*, 27 Cal. App. (2d) 761 [81 P. (2d) 1041].

Respondent cites *Steinberg* v. *Evans*, 20 Cal. App. (2d) 124 [66 P. (2d) 712] as being opposed to this rule. However, an examination of that case shows that the question involved was not between rentals accrued before steps taken upon default and rentals thereafter accruing, but was a question between the holder of the deed of trust and the purchaser of the property from the trustee in bankruptcy, the court holding that the sale was made expressly subject to a certain assignment of rents and therefore the purchaser was not entitled to such rents. The case of *Associated Co.* v. *Greenhut*, 66 F. (2d) 428, cited by respondent, is distinguished from the case at bar and from the California rule. The issue there was whether rents collected between the adjudication in bankruptcy of a mortgagor who had defaulted and the sale under

mortgage foreclosure, belong to the trustee of the bankrupt estate or to the mortgagee. The case holds that the assignment of the rents became absolute, effective and enforceable upon the default which admittedly occurred. There was no question there, as here, of rentals which had accrued prior to the default. This case might be authority for the proposition that the time when the mortgagor's right to the rents ends is at the time of default. However, this question has been answered in California by the case of *Title Guaranty & Trust Co.* v. *Monson, supra,* where the court (page 627) fixes the date of demand of possession as the date upon which the mortgagee's right to the rents commences.

The case of *Carlon* v. *Superior Court,* 2 Cal. (2d) 17 [38 P. (2d) 149], likewise relied upon by respondent, does not consider the question involved here. In the Carlon case there was no question raised as to rents accrued prior to the appointment of the receiver, the sole question being the claim of a senior mortgagee to rents collected by a receiver appointed at the request of, and in a suit by, a prior mortgagee. The court held that a prior mortgagee obtaining the appointment of a receiver is entitled to the rents collected by the receiver as against a prior mortgagee who made no application for the appointment of a receiver, even though the prior mortgage contains a provision assigning the rents as further security upon default. The case uses this significant language, page 22, "Had no receivership been applied for, said rents, issues and profits from the property would have inured to the benefit of the mortgagor and been wholly lost to both mortgagees." New York and a few other jurisdictions appear to have a different rule but the cases hereinbefore mentioned as well as the quoted language from the Carlon case show clearly that California does not follow the New York rule. On principle, too, as the deed of trust provides for the assignment of the rentals only upon default, the rentals accrued prior to such default are the property of the mortgagor, and, as decided in the case of *Title Guaranty & Trust Co.* v. *Monson, supra,* default for this purpose is deemed to have occurred as of the date of demand of possession by the mortgagee.

Although conceding in his closing brief that the date of demand for possession and rents, is the date upon which the mortgagees' right to the rental commences, appellant since has written to this court a letter now contending that the date upon which the receiver was appointed should be the proper

date for this purpose, stating that, while, as between the mortgagor and the mortgagee, the date of demand is the correct date, yet as between the mortgagee and the receiver, the latter should be considered as in the same position as a creditor and that a creditor would not be entitled to claim the rents except upon the levy of an execution, and therefore the receiver would not be entitled to the rents until he had been appointed so he could take actual possession. Therefore, contends the appellant, the receiver should surrender the rents accrued prior to his appointment. The decision in the Monson case (*supra*) fixes the date of demand as the date upon which the mortgagee's right to the rents accrues, so it is immaterial whether thereafter a receiver is appointed or not. The mortgagee is entitled to the rents from that date on.

Since the oral argument in this case, and at the suggestion of the court, a stipulation has been filed setting forth certain facts as to the moneys held by the receiver. From this stipulation, it appears that of the rentals received by the receiver, the sum of $2,502.54 were rentals receivable, due and accrued as of the date of demand, May 23, 1940. In addition, there were outstanding as of the same date and due and accrued, other accounts receivable amounting to the sum of $1,672.20. In view of the fact that, according to the stipulation, the rentals were payable in advance, and these sums had accrued and were due and payable prior to and on May 23, 1940, the appellant should be entitled to these rentals, without deduction or pro rating. By paragraph 4 of the order appealed from the trial court directs the receiver to pay to the plaintiff the sum of $21,661.37, and to assign to the plaintiff the accounts receivable therein described. In accordance with the views herein expressed, it is ordered that this paragraph of the order be modified by directing the receiver to pay to appellant trustee the sum of $2,502.54, and to assign to the appellant trustee $1,672.20 of the accounts receivable. As so modified the order is affirmed. Both sides to bear their own costs on this appeal.

Peters, P. J., and Knight, J., concurred.