[Civ. No. 9179.  Third Dist.  Dec. 2, 1957.]

FRED R. STEPHENSON et al., Respondents, v. J. DUDLEY LAWN et al., Appellants.

Gilbert Moody for Appellants.

Winton & Edlefsen and F. Leon Edlefsen for Respondents.

PEEK, J.—Defendants appeal from a judgment in favor of plaintiffs in an action brought against defendants as endorsers of a promissory note secured by a second deed of trust.

The evidence, which is without conflict, shows that the defendants sold certain real property to Donald C. and Wanda I. Lindell, and on the same date, and as part of the same transaction, the buyers gave defendants a promissory note secured by a second deed of trust. Thereafter, defendants transferred the note to plaintiffs for value by a special endorsement as follows: "Pay to the Order of FRED R. STEPHENSON and EDNA M. STEPHENSON as joint tenants," and assigned the second deed of trust to plaintiffs. Subsequently the property was sold under the power of sale contained in the first deed of trust, and this action followed. The original makers of the note, the Lindells, were not served and judgment was against the defendants Lawn alone.

It has long been the rule that: "The promise of a maker of a note is one thing, and the promise of an endorser is another. One is primary and the other is secondary; one is absolute, the other turns upon conditions; . . ." (*Vandewater* v. *McRae*, 27 Cal. 596.)

In the case of *Kinsel* v. *Ballou*, 151 Cal. 754 [91 P. 620], it was argued by the defendant-appellant that by reason of the existence of the mortgage, the liability of the makers was not absolute but was contingent upon a failure to realize from foreclosure of the mortgage on the property an amount sufficient to pay the note, and that the endorsement of the defendant imposed upon him no greater liability than that of the original mortgagors and that so long as no sale of the mortgaged property had taken place, the defendant's obligation had not become fixed. In answer to such contentions the court held: "It is no doubt true that, so far as the mortgagors themselves were concerned, an action to recover the amount of the note could not have been maintained apart from a foreclosure of the mortgage. As to them the mortgaged property constituted a primary fund for the discharge of the debt, and no personal judgment could have been entered against them, unless after foreclosure the deficiency had appeared. [Citations.]

"But the defendant was not the mortgagor. His contract of indorsement was collateral to the original obligation of the

mortgagors, and was not secured by the mortgage." (P. 761.)

■ The Ballou case is authority for the further rule that ". . . . the creditor loses no rights against the indorser, whose liability has become fixed, by mere failure to enforce his lien against the property mortgaged for security for the debt." (151 Cal. 761.)

■ The defendants' final contention, that this action is in the nature of a deficiency judgment and hence is controlled by sections 580b and 580d of the Code of Civil Procedure, is likewise without merit. As previously noted, this is not an action against the original maker or the party primarily liable. It is a suit against the defendants Lawn on their separate liability as endorsers and hence was a separate and a distinct obligation and one which can in no way be construed as one for a deficiency judgment. As the court noted in *Hatch* v. *Security-First Nat. Bank,* 19 Cal.2d 254 [120 P.2d 869], the provisions of the Code of Civil Procedure above noted have to do solely with actions for recovery of deficiency judgments on the principal obligation after sale under trust deed as distinguished from an endorser's obligation. Thus, the only person coming within the protective provisions of those sections is the principal debtor.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied December 30, 1957, and appellants' petition for a hearing by the Supreme Court was denied January 28, 1958. Schauer, J., was of the opinion that the petition should be granted.