[Civ. No. 22352. First Dist., Div. One. May 2, 1966.]

MARVIN E. LANGE et al., Plaintiffs and Respondents, v. FLORENCE E. AVER, Defendant and Appellant.

794

Sea & Hanna and Donald M. Sea for Defendant and Appellant.

Harbaugh & Grubb, Francis T. Cornish and Robert T. Harbaugh for Plaintiffs and Respondents.

MOLINARI, J.—Plaintiffs, Marvin and Shirle Lange, as holders of a promissory note, brought this action against 'defendants, Clyde and Dolores Reinke and Florence Aver Hill, as endorsers of this note. Following a trial by the court, judgment was entered in favor of plaintiffs and against all defendants for the principal and interest due on the note and for

attorney's fees provided for therein. From this judgment Hill appeals, contending that plaintiffs' recovery on the note is barred by the provisions of Code of Civil Procedure sections 580a, 580b, and 580d and that Hill's liability on the note was discharged by the provisions of Civil Code section 3201.[1]

### The Record

The facts, which are essentially undisputed, are as follows: On May 25, 1960, the Reinkes, husband and wife, sold certain real property owned by them to Henry and Rosemary Edding-ton and Joseph and Anita Debro. As part of the purchase price the Eddingtons and Debros executed a promissory note in the amount of $5,000 payable to the order of Clyde and Dolores Reinke. The note, which was delivered to the payees, was secured by a deed of trust on the property purchased by the Eddingtons and Debros, this deed of trust being subordinate to an existing deed of trust on the same property. Subsequently the Reinkes endorsed and delivered the note to Hill and assigned her the deed of trust. On January 3, 1961 Hill endorsed and delivered the note to plaintiffs and assigned them the deed of trust securing this note.

On February 6, 1962 the property which was security for the payment of the promissory note was sold pursuant to the exercise of the power of sale in the first deed of trust. The proceeds of this sale were sufficient to pay only the costs of sale and the amount due on the note which was secured by the first deed of trust. On May 25, 1962, the date on which the note executed by the Eddingtons and Debros became due and payable, plaintiffs presented the note to the makers for payment. Payment having been refused and defendants having been given due notice of this dishonor, this action ensued.

### The Applicability of Code of Civil Procedure Sections 580a, 580b and 580d[2]

Hill contends, in part, that plaintiffs' recovery on the subject note was barred by the antideficiency legislation contained in sections 580a, 580b and 580d.[3] Concerning section 580a Hill

---

[1]The provisions of this section are now contained in sections 3601 and 3604-3606 of the Commercial Code.

[2]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

[3]These sections provide in pertinent part as follows:

§ 580a: ''Whenever a money judgment is sought for the balance due upon an obligation for the payment of which a deed of trust or mortgage with power of sale upon real property or any interest therein was given as security, following the exercise of the power of sale in such deed of

argues that plaintiffs' complaint is insufficient since it fails to allege "the amount for which the property or interest therein was sold and the fair market value thereof at the date of sale." In addition she asserts that the three-month statute of limitation set forth in section 580a is a bar to plaintiffs' action since the complaint was filed more than three months after the date of sale of the subject property.[4] As to section 580d Hill contends that its prohibition against deficiency judgments is applicable in the instant case and constitutes a bar to plaintiffs' recovery.

With respect to sections 580a and 580d similar contentions were disposed of in *Roseleaf Corp.* v. *Chierighino,* 59 Cal.2d 35 [27 Cal.Rptr. 873, 378 P.2d 97]. There the defendant bought a hotel from the plaintiff, paying for it in part with four promissory notes. One note was secured by a purchase money deed of trust on the hotel. Each of the other three notes was secured by a trust deed on other property owned by the defendant. These three trust deeds, which were junior to prior encumbrances held by strangers to the action, were left unsecured by the extrajudicial sales of the senior beneficiaries. Thereafter the plaintiff brought an action against the defendant to recover the full amount unpaid on the three notes secured by the second deeds of trust. In holding that the plaintiff was entitled to recover upon the three notes the Supreme Court held that the plaintiff's action was neither barred nor limited by sections 580a or 580d.

In holding that section 580a does not extend to sold-out junior lienors, such as the holder of second deeds of trust

---

trust or mortgage, the plaintiff shall set forth in his complaint the entire amount of the indebtedness which was secured by said deed of trust or mortgage at the time of sale, the amount for which such real property or interest therein was sold and the fair market value thereof at the date of sale and the date of such sale. . . . Any such action must be brought within three months of the time of sale under such deed of trust or mortgage.''

§ 580b: ''No deficiency judgment shall lie in any event after any sale of real property for failure of the purchaser to complete his contract of sale, or under a deed of trust, or mortgage, given to the vendor to secure payment of the balance of the purchase price of real property. . . .'' (Although this section was amended in 1963 the change has no bearing on our consideration of this case and we therefore consider the section as it now reads.)

§ 580d: ''No judgment shall be rendered for any deficiency upon a note secured by a deed of trust or mortgage upon real property hereafter executed in any case in which the real property has been sold by the mortgagee or trustee under power of sale contained in such mortgage or deed of trust.''

[4]Plaintiffs' complaint was filed on June 20, 1962, the sale of the subject property having taken place on February 6, 1962.

whose security has been rendered valueless by a senior sale, the reviewing court noted that this section "refers to a suit for the balance due on an obligation secured by a mortgage or deed of trust 'following the exercise of the power of sale in *such* deed of trust or mortgage.' . . . (See Riesenfeld, *California Legislation Curbing Deficiency Judgments* (1960) 43 Cal.L.Rev. 705, 726.)" (P. 40.) With respect to the three-month limitation of section 580a, the court stated that "to compel a junior lienor to sue for a deficiency within three months of the senior's sale would unnecessarily compel acceleration of the junior obligation, to the detriment of the debtor." (P. 39.)

The holding in *Roseleaf* that the plaintiff's action was not barred by section 580d was predicated upon the rationale that the language of this section "is similar to that in sections 580a. . . . '[S]uch mortgage or deed of trust' refers to the instrument securing the note sued upon. Thus section 580d does not appear to extend to a junior lienor whose security has been sold out in a senior sale." (P. 43.) Moreover, the court noted that the purpose of section 580d, namely, to achieve a parity of remedies between the sale of property by judicial action and by private sale under a power of sale, would not be served by applying section 580d against a nonselling junior lienor. "Even without the section the junior has fewer rights after a senior private sale than after a senior judicial sale. He may redeem from a senior judicial sale [citation], or he may obtain a deficiency judgment. [Citations.] After a senior private sale, the junior has no right to redeem. This disparity of rights would be aggravated were he also denied a right to a deficiency judgment by section 580d. There is no purpose in denying the junior his single remedy after a senior private sale while leaving him with two alternative remedies after a senior judicial sale. The junior's right to recover should not be controlled by the whim of the senior, and there is no reason to extend the language of section 580d to reach that result." (P. 44; to the same effect see *Bargioni* v. *Hill,* 59 Cal.2d 121, 122 [28 Cal.Rptr. 321, 378 P.2d 593].)

██ Although the *Roseleaf* case involved an action by the payee of a note against the maker of the note, in view of the Supreme Court's unwillingness to extend the language of section 580a and 580d so as to limit or bar a junior lienor's right to recover on the underlying debt, we can discern no reason for applying these sections to a situation such as that involved in the instant case where an endorsee of a note

secured by a junior deed of trust is attempting to recover from an endorser the amount due on the note. The inapplicability of section 580d to such a situation was, moreover, considered in *Stephenson* v. *Lawn,* 155 Cal.App.2d 669 [318 P.2d 132]. There the defendants sold certain real property to Donald and Wanda Lindell in consideration for which the Lindells gave the defendants a promissory note secured by a second deed of trust. Subsequently the defendants, by a special endorsement, transferred the note to the plaintiffs and assigned them the deed of trust. After the property was sold under the power of sale contained in the first trust deed, the plaintiffs, as holders of the note secured by the second deed of trust, brought an action against the defendants as endorsers of the note. In affirming a judgment for the plaintiffs, the appellate court, noting that ''this is not an action against the original maker or the party primarily liable,'' but a suit against the defendants on their separate liability as endorsers and hence upon a separate and distinct obligation ''which can in no way be construed as one for a deficiency judgment,'' held that both sections 580b and 580d ''have to do solely with actions for recovery of deficiency judgments on the principal obligation after sale under trust deed as distinguished from an endorser's obligation.'' (P. 671.) Accordingly, stated the court, ''the only person coming within the protective provisions of those sections is the principal debtor.'' (P. 671; see also *Hatch* v. *Security-First Nat. Bank,* 19 Cal.2d 254 [120 P.2d 869].)

As we have indicated, the holding in *Stephenson* was also made applicable to section 580b. ■ Accordingly, there is no merit to the contention here that this section, which bars any deficiency judgment after sale under a purchase money mortgage or deed of trust, bars plaintiffs' recovery on the subject note. It should be noted, moreover, that in analogous situations involving actions against the guarantor of a note secured by a purchase money deed of trust or mortgage after the security had become worthless, section 580b has been held to be inapplicable. (See *Katz* v. *Haskell,* 196 Cal.App.2d 144, 153-155 [16 Cal.Rptr. 453]; *Heckes* v. *Sapp,* 229 Cal.App.2d 549, 551-553 [40 Cal.Rptr. 485].)

*The Applicability of Civil Code Section 3201*

Hill's final contention on this appeal is that her liability on the subject note was discharged by the provisions of Civil Code section 3201, which at all times relevant to this action provided in pertinent part that ''A person secondarily liable on the instrument is discharged—(1) By any act which dis-

charges the instrument; . . . (3) By the discharge of a prior party; . . ." While, as we have above discussed, the makers of the note involved in the instant case could not avoid liability thereon by virtue of the provisions of section 580d, nor would their liability on the subject note be limited by the provisions of section 580a, it appears to be the law in California that under section 580b a vendor junior purchase-money encumbrancer is barred from recovery against the principal debtor on the underlying debt. (*Bargioni* v. *Hill, supra,* 59 Cal.2d 121, 122-123; *Brown* v. *Jensen,* 41 Cal.2d 193, 196-199 [259 P.2d 425]; *Raub* v. *Lee,* 181 Cal.App.2d 529, 530-531 [5 Cal.Rptr. 444]; *Lucky Investments, Inc.* v. *Adams,* 183 Cal.App.2d 462, 467 [7 Cal.Rptr. 57]; but see Hetland, *Deficiency Judgment Limitations in California—A New Judicial Approach,* 51 Cal.L.Rev. 1, 7-12.) However, we are of the opinion that although the maker of a note which is secured by such a purchase-money trust deed or mortgage is not subject to liability on the note as a result of section 580b, such immunity from liability which exists in favor of the maker is not a "discharge" as that term was used in Civil Code section 3201. Considering first subdivision (1) of Civil Code section 3201, which discharged a person secondarily liable on a negotiable instrument when the instrument itself was discharged, we note that Civil Code section 3200, prior to its repeal in 1965, set forth the means by which a negotiable instrument was discharged. Since this section made no mention of or contained no reference to the antideficiency legislation contained in section 580b, it is apparent that although section 580b immunizes the maker of such a purchase-money note from liability on that note, such immunity is not properly characterized as a discharge of the note itself. As to subdivision (3) of Civil Code section 3201, which spoke of "the discharge of a prior party," we are similarly of the opinion that the term "discharge" as used here referred to a discharge brought about under the principles of negotiable instrument law. "Discharge" in this context implies the extinguishment, cancellation, or removal of a previously existing liability. (See Black's Law Dict.; 11 Am.Jur.2d, Bills and Notes, § 903, pp. 948, 949.) This being the definition of discharge, it is apparent that the immunity from liability which exists by virtue of section 580b in favor of the maker of a note which is secured by such a purchase-money mortgage or deed of trust is not properly classified as a discharge. From the inception of such an obligation the obligor is immune from liability thereon. Hence, properly charac-

terized, the obligation of the maker of a note which is secured by such a purchase-money mortgage or deed of trust is not *discharged* by the provisions of section 580b; rather recovery against him on the note is *barred* by this section. (See *Bargioni* v. *Hill, supra,* p. 122; *Brown* v. *Jensen, supra, p.* 197.)

Our conclusion with respect to the inapplicability of Civil Code section 3201 to the facts of the instant case is buttressed, moreover, by the holdings in *Stephenson* v. *Lawn, supra,* 155 Cal.App.2d 669, 671; and *Loeb* v. *Christie,* 6 Cal.2d 416, 418 [57 P.2d 1303], to the effect that although the maker of a note which is secured by a purchase-money trust deed or mortgage is not subject to liability on the note as a result of section 580b, the same immunity does not extend to an endorser or guarantor of that note.

The rule followed in *Stephenson* and *Loeb* finds its genesis in *Carver* v. *Steele,* 116 Cal. 116 [47 P. 1007, 58 Am.St.Rep. 156], and *Kinsel* v. *Ballou,* 151 Cal. 754 [91 P. 620], which, in different factual contexts arising prior to the enactment of section 580b, held that the endorser or guarantor of a note secured by a mortgage may be sued upon his obligation without a foreclosure of the mortgage. The rationale of *Carver,* relied upon in *Kinsel,* is that the contract of the endorser is a separate promise from that of the maker of the note, collateral to the original obligation, and is not secured by the mortgage.

In *Carver,* the holder of a promissory note brought an action against the endorsers thereof. The defendants contended that they were discharged from liability on the note because it was secured by a mortgage in favor of the original payee who, prior to assigning and endorsing the note to plaintiffs, had failed to set up and foreclose his junior mortgage in a suit brought by the senior lienors. In holding that the contention was without merit, the Supreme Court stated as follows: ''In general, unless some agreement or special circumstance imposes diligence upon the creditor as a duty, he does not, by mere failure to pursue the person primarily liable, discharge the guarantor, surety, or indorser, even though his passivity in this regard may result in barring his remedy against the original debtor. [Citations.] Accordingly, the rule is that the creditor loses no rights against the indorser, whose liability has become fixed, by simple failure to enforce his lien against property mortgaged for security of the debt. [Citations.]'' (P. 119.) In *Kinsel,* it was held upon the basis of the rule announced in *Carver,* that the holder of a note which was secured by a mortgage could recover against the endorser of

the note, although recovery could not be had against the maker thereof because the mortgage had not been foreclosed.

The *Carver* and *Kinsel* cases were cited with approval in *Loeb,* which held that a guarantor's liability may be enforced without first resorting to the mortgage security; and *Kinsel,* cited in *Stephenson,* which involves facts identical to those in the instant case, forms the basis of the holding in *Stephenson* that the endorser of a note which was secured by a second deed of trust was not discharged from liability because the antideficiency legislation protected the maker of the note from liability thereon. Accordingly, we conclude that the provisions of Civil Code section 3201 did not serve to relieve Hill from liability on her endorsement of the subject note. (To this effect see also 51 Cal.L.Rev. 1, 23-28.)

The judgment is affirmed.

Sullivan, P. J., and Sims, J., concurred.