[Civ. No. 29088. First Dist., Div. Two. Feb. 25, 1972.]

WILLIAM GOTTSCHALK et al., Plaintiffs and Respondents, v. DRAPER COMPANIES et al., Defendants and Appellants.

**COUNSEL**

Brobeck, Phleger & Harrison and Edmund R. Manwell for Defendants and Appellants.

Miller, Starr & Regalia and Edmund L. Regalia for Plaintiffs and Respondents.

**OPINION**

**KANE, J.**—Defendants, The Draper Companies et al., appeal from a summary judgment ordering them to pay respondents certain amounts due on written guaranties of two promissory notes.

A brief summary of relevant facts discloses that respondents (vendors of real property) held two promissory notes executed in their behalf by the buyer Peacock Gap, Inc., a California corporation (hereafter Peacock). The notes were secured by purchase money deeds of trust also executed by Peacock. These trust deeds, however, were junior to another encumbrance on the same property. As a part of the original sale transaction, appellants unconditionally guaranteed all payments falling due

under the two promissory notes. As the result of a foreclosure sale by the trustee of the senior deed of trust, respondents' security for the two notes was extinguished.

Since a deficiency judgment was not available against Peacock, the defaulting original buyer (Code Civ. Proc., § 580b), respondents brought this suit upon the written guarantees against appellants. Respondents' motion for summary judgment, asserting that there was no defense to the action, was granted.

The only issue presented to the trial court and now to us is whether or not appellants' alleged affirmative defense based upon Civil Code section 2810 created a triable issue of fact.

(1) ■ In discussing the contentions of the parties, initially we point out that a guarantor of a purchase money transaction in which another individual or legal entity is primarily liable is not protected by the provisions of Code of Civil Procedure section 580b.[1] (*Roberts* v. *Graves* (1969) 269 Cal.App.2d 410, 415 [75 Cal.Rptr. 130].) The protection afforded by this code section is confined to the purchaser-debtor's obligation which is secured by the purchased property. The guarantor's obligation is not within this delineation, is not secured by the property, and is not the debtor's obligation. The guaranty is simply an additional security for the obligor's debt and is enforceable against the guarantor (*Heckes* v. *Sapp* (1964) 229 Cal.App.2d 549, 553 [40 Cal.Rptr. 485]; cf. Hetland, *Deficiency Judgment Limitations in California,* 51 Cal.L.Rev. 1, 27).

(2) ■ While admitting that they cannot prevail under Code of Civil Procedure section 580b, appellants argue that they have a valid defense based upon Civil Code section 2810, which provides in pertinent part that "*A surety* is liable, notwithstanding any mere personal disability of the principal, though the disability be such as to make the contract void against the principal; but he *is not liable if for any other reason there is no liability upon the part of the principal at the time of the execution of the contract, or the liability of the principal thereafter ceases,* unless the surety has assumed liability with knowledge of the existence of the defense." (Italics added.)

For the reasons which follow, we are compelled to reject appellants' argument.

---

[1]Code of Civil Procedure section 580b, reads in part that "No deficiency judgment shall lie in any event after any sale of real property for failure of the purchaser to complete his contract of sale, or under a deed of trust, or mortgage, given to the vendor to secure payment of the balance of the purchase price of real property, . . ."

(a) The law is settled that the sale of real property under a deed of trust does not erase the indebtedness (*Mortgage Guarantee Co.* v. *Sampsell* (1942) 51 Cal.App.2d 180, 185 [124 P.2d 353]), and the debt technically survives a default so that enforcement of collateral securities may be had (*Estate of Moore* (1955) 135 Cal.App.2d 122, 132 [286 P.2d 939]). *The obligation* of the maker of a note secured by a purchase-money mortgage or deed of trust *is not discharged by* the provisions of *Code of Civil Procedure section 580b. Instead, only recovery* against him on the note *is barred* by this section (*Lange* v. *Aver* (1966) 241 Cal.App.2d 793, 799-800 [50 Cal.Rptr. 847]). It is a well known principle of law that a bar of remedy against the principal debtor does not prevent the right of recovery against the guarantor (*Bloom* v. *Bender* (1957) 48 Cal.2d 793, 798 [313 P.2d 568]) and the creditor is not precluded from seeking redress upon or enforcing any other security (*Mortgage Guarantee Co.* v. *Sampsell, supra*).

Applying the above principles to the instant case, it follows that since the principal debtor, Peacock, has remained liable after the foreclosure sale and section 580b has barred only respondents' *remedy* against it, appellants cannot avail themselves of a defense based upon Civil Code section 2810, which requires the nonexistence or cessation of the principal's *liability* to make the surety also exempt.

(b) Even assuming, *arguendo*, that the foreclosure sale terminated the liability of Peacock, appellants still cannot prevail. Civil Code section 2825, sets up a well known exception to Civil Code section 2810, providing that "A surety is not exonerated by the discharge of his principal *by operation of law*, without the intervention or omission of the creditor" (italics added). Other authorities also emphasize that, while ordinarily whatever discharges the principal debtor will discharge the surety too, this rule does not apply where the discharge is by operation of law or where the defense is personal (72 C.J.S. § 232, p. 691; 2 Cal.L.Rev., p. 337; cf. *Bloom* v. *Bender, supra*, at p. 802). In Black's Law Dictionary (4th ed.) "Operation of law" is described as "the manner in which rights, and sometimes liabilities, devolve upon a person by the mere application to the particular transaction of the established rules of law, without the act or co-operation of the party himself." (P. 1243.)

In the light of these principles, it can hardly be denied that any discharge of Peacock's liability, if at all, took place by a mere application of the relevant code provision (Code Civ. Proc., § 580b) without any "intervention or omission of the creditor" (respondents). Since the bar of the remedy against Peacock came about by operation of law, the pro-

visions of Civil Code section 2825, are clearly applicable prohibiting appellants from exoneration.

We observe in passing that the application of the alternative "personal defense" test would lead to the same conclusion. As we have pointed out, the authorities are clear and leave no room for doubt that the only person who is protected by the provisions of Code of Civil Procedure section 580b, is the principal debtor, which is only another way of saying that the defense flowing from said code section is personal to the principal obligor. (*Roberts* v. *Graves, supra; Heckes* v. *Sapp, supra.*)

We conclude that Civil Code section 2810, has no applicability to the case at bench and appellants' defense founded upon the same did not create a triable issue of fact. Consequently, the order of the trial court granting respondents' motion for summary judgment was proper.

The judgment is affirmed.

Taylor, P. J., and Rouse, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 19, 1972.