[Civ. No. 25397. Second Dist., Div. One. May 22, 1962.]

HARRY C. RIDDLE et al., Plaintiffs and Appellants, v. ALFRED LUSHING et al., Defendants and Respondents.

Roland Maxwell, Paul H. Marston and Richard W. Olson for Plaintiffs and Appellants.

Sandler & Rosen and Nelson Rosen for Defendants and Respondents.

WOOD, P. J.—This is an action on a guaranty of a promissory note, which note was secured by a deed of trust that was given to secure the payment of the purchase price of real property. In a nonjury trial, judgment was for defendants. Plaintiffs appeal from the judgment.

Appellants contend, among other things, that the court erred in determining that judgment for plaintiffs is barred by section 580b of the Code of Civil Procedure (which provides there shall be no deficiency judgment after sale of real property under a trust deed given to secure payment of purchase price).

Defendants Alfred Lushing and Sidney Lushing were copartners doing business under the fictitious name of Midland Investment Co. On August 15, 1956, they, as copartners, purchased from plaintiffs certain real property in Los Angeles, and plaintiffs conveyed the property by a deed in which the grantee named was Midland Investment Co. (the partnership name). On the same day (August 15, 1956), as part of the purchase price of the property, defendants, as copartners, gave to plaintiffs a promissory note, in the amount of $25,000, and a deed of trust on the property to secure the note. The note and deed of trust were signed: ''Midland Investment Co.

By Alfred Lushing By Sidney Lushing.'' Also on that day, and as part of the same transaction, the defendants, individually, signed a statement of guaranty which was written on the face of the note. The statement was as follows: "For Value Received, we hereby guarantee the payment of this note, and waive presentment, demand, notice, protest or notice of protest.'' The names as signed thereon were: "Alfred Lushing Sidney Lushing.''

On November 2, 1956, plaintiffs and defendants signed an agreement which provided that in consideration for the extension of the time for payment of another note, which had been executed by Midland Investment Co., the parties agreed that the interest rate on the $25,000 note, above referred to, be raised from 5 per cent to 6 per cent per annum. The agreement was signed: "Midland Investment Co. Alfred Lushing as Individuals Alfred Lushing Sidney Lushing.'' The agreement was "Approved and Accepted" by the plaintiffs.

The note which was secured by the trust deed was not paid on its due date, August 27, 1959. On October 15, 1959, plaintiffs commenced this action on the guaranty above quoted.

On May 13, 1960 (after the commencement of the action), plaintiffs caused the real property to be sold by the trustee under a power of sale contained in the trust deed of trust. On July 1, 1960, plaintiffs filed a supplement to the complaint, wherein they alleged that the property was sold by the trustee on May 13, 1960, for $20,125; that the net amount received was $19,436.43; and that the "balance of account" on said note was $5,563.57, plus interest.

The court found that the real property described in the trust deed was purchased by "Midland Investment Co." from plaintiffs and that the $25,000 note was delivered to plaintiffs as a part of the purchase price of the property, and that the trust deed was given to plaintiffs to secure payment of part of said purchase price; and that after the filing of the complaint herein, the trustee under the trust deed sold said property, and received from the sale the net amount of $19,436.43.

The court concluded that plaintiffs were not entitled to judgment against defendants for the following reasons: Such judgment is barred by section 580b of the Code of Civil Procedure. The partnership, Midland Investment Co., "does not constitute a separate and distinct entity from the defendants," who are the sole partners therein. In legal contemplation the defendants were the purchasers and coowners of the property purchased. In the absence of section 580b, the defendants, as

the sole partners, would have been jointly and severally liable for the purchase price of the land. Since defendants were already primary obligors, both jointly and severally, they could not also be sureties or guarantors on the partnership note. The purported guaranty added nothing to the primary liability which arose when they as partners executed the note in the name of the partnership. As primary obligors they are entitled to the benefits and protection of said section 580b. The purported guaranty was a part of, and entirely dependent upon, the note and deed of trust, and it cannot be enforced as an independent agreement. Judgment for plaintiffs is also barred by section 580d of the Code of Civil Procedure. Defendants are entitled to the benefits and protection of said section 580d. In the absence of said sections 580b and 580d, judgment for plaintiffs would be barred by reason of their noncompliance with section 580a. If the purported guaranty were assumed to be valid and enforceable as an independent obligation of defendants, they, as guarantors, would be entitled to assert the same defenses to plaintiffs' claim as could be asserted by the partnership. Noncompliance by plaintiffs with section 580a would have prevented plaintiffs from recovering a deficiency judgment against the partnership and, similarly (noncompliance) bars such a judgment against defendants.

Section 580b of the Code of Civil Procedure provides: ''No deficiency judgment shall lie in any event after any sale of real property . . . under a deed of trust . . . given to secure °payment of the balance of the purchase price of real property.''

Appellants argue that said section, above quoted, is not applicable herein for the reason that the action is on the guaranty. They argue further that if, for the purpose of the transaction, the partnership is regarded as ''a separate entity, apart from the individual liability of the guarantors,'' there can be no doubt that they would be entitled to a judgment for the balance due on the note; that the guaranty is valid, under section 15015 of the Corporations Code, as a separate obligation of each partner to perform a partnership contract; that it appears that the parties intended that there should be individual liability of the defendants, as guarantors, in addition to the liability of the partnership, and that they intended that the individual liability of defendants, as guarantors, was to be additional security for the note; and that the intention of the parties, as shown by the note and guaranty, should prevail.

Respondents (defendants) argue in effect, as follows: That said sections of the Code of Civil Procedure are applicable herein because the action is, in substance, for a deficiency judgment upon the note. That defendants must be considered to be the purchasers and coowners of the property, and the primary obligors on the note (and therefore entitled to the benefits of said sections) for the reasons that a partnership is not a legal entity, and they, as the only partners of the partnership, were jointly and severally liable on the note, and therefore they could not become sureties or guarantors on the note, and the purported guaranty did not increase their liability. That the intention of the parties is immaterial, "if violative of the prohibitions of 580b and related provisions," for the reason that they could not waive the prohibitions of those sections. That assuming that they are not entitled to the benefits of the code sections as purchasers or coowners or primary obligors, and that the guaranty is valid, the benefits of the sections apply to a guarantor, and therefore they are entitled to the benefits of the sections as guarantors.

In *Brown* v. *Jensen*, 41 Cal.2d 193, 198 [259 P.2d 425], it was said: "[T]he purpose of section 580b [of the Code of Civil Procedure] is that '. . . for a purchase money mortgage or deed of trust the security alone can be looked to for recovery of the debt.' "

In *Freedland* v. *Greco*, 45 Cal.2d 462, 467 [289 P.2d 463], it was held that the provisions of section 580b may not be waived in advance by the debtor.

In the case of *In re Wilton-Maxfield Management Co.*, 117 F.2d 913, the purchaser of real property caused the seller to convey the property to a "dummy" for the purchaser. The dummy executed a note and deed of trust, covering the property, as a security for part of the purchase price, and the real purchaser, Wilton, signed a guaranty of payment of the note. It was said therein, at page 915: "Section 580b was not rendered inapplicable by the fact that Wilton, instead of signing the note as a maker, signed a guaranty thereof.

For § 580b was designed, not merely to protect notemakers, but to protect purchasers of real property. Wilton, being such a purchaser, was entitled to the benefits of the section, despite the fact that it (Wilton) guaranteed, instead of merely promising, payment of the balance of the purchase price."

Section 15006, subdivision (1), of the Corporations Code provides: "A partnership is an association of two or more

persons to carry on as co-owners a business for profit.''
Section 15025, subdivision (1), of that code provides: ''A
partner is co-owner with his partners of specific partnership
property holding as a tenant in partnership.'' Section 15015
provides: ''All partners are liable (a) Jointly and severally
for everything chargeable to the partnership under Sections
15013 [liability for wrongful acts or omissions] and 15014
[liability for misapplication of money or property of a third
person]. (b) Jointly for all other debts and obligations of
the partnership; but any partner may enter into a separate
obligation to perform a partnership contract.''

In *Rudnick* v. *Delfino,* 140 Cal.App.2d 260, 266 [294
P.2d 983], it was said: ''A partnership in the eyes of the
law is not a legal entity even though it may be sued under the
firm name, by reason of the provisions of section 388 of the
Code of Civil Procedure.''

The partnership, Midland Investment Co., is not a
legal entity, and the defendants, as the only partners therein,
were the purchasers of the property, and they were jointly
liable for the balance of the purchase price. ''Any estate in
real property may be acquired in the partnership name. . . .''
(Corp. Code, § 15008, subd. (3).) Defendants, as the only
partners, acquired title by the deed (in the partnership name)
as coowners, holding as tenants in partnership. (See Corp.
Code, § 15025, subd. (1), *supra.*) It is conceded that the note
and trust deed were given as part of the purchase price of
the property. The court could find, under the evidence, that
the note, trust deed, and guaranty were parts of one trans-
action. Under the circumstances here, the signing of the
guaranty did not change the nature of the transaction and
render section 580b inapplicable to defendants.

The court did not err in determining that judgment for
plaintiffs is barred by said section 580b.

Appellants contend further that the court erred in deter-
mining that judgment for plaintiffs is barred also by said
sections 580d and 580a. Section 580d provides, in substance,
that there shall be no deficiency judgment upon a note secured
by a trust deed when the property has been sold by the trustee
*under power of sale* contained in the trust deed. Sec-
tion 580a, referred to in the above contention, provides, in
substance, that whenever a money judgment is sought for the
balance due upon an obligation secured by a trust deed, follow-
ing a sale under the power of sale in the trust deed, the
plaintiff shall set forth in his complaint the amount of the

indebtedness, the amount for which the property was sold, and the fair market value of the property at the date of the sale, and the date of the sale. This section pertains to obtaining a deficiency judgment with respect to trust deeds generally (not to trust deeds for *the purchase price*, as in § 580b). Since it is conceded that the trust deed herein was given to secure the payment of the purchase price, it will not be necessary to determine whether section 580d is applicable herein or whether plaintiffs' complaint complied with the provisions of section 580a, which section pertains to obtaining a deficiency judgment when the trust deed is not for the purchase price.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 18, 1962.