[Civ. No. 30530. Second Dist., Div. Two. Sept. 6, 1967.]

UNION BANK, Plaintiff and Appellant, v. ALBERT A. DORN et al., Defendants and Respondents.

Sanford M. Ehrmann and Max Fink for Plaintiff and Appellant.

Albert A. Dorn, in pro. per., for Defendants and Respondents.

FLEMING, J.—Suit against respondents as guarantors of a secured note for a deficiency after a nonjudicial foreclosure of real property under power of sale. The note was executed by Playa Del Rey Medical Center, a partnership in which each individual respondent was in effect a partner, and reflected moneys lent for interim construction, not for the purchase price. The demurrer of respondents was sustained without leave to amend, and plaintiff bank has appealed.

The sole question is whether section 580d of the Code of Civil Procedure, which prohibits a deficiency judgment after foreclosure of real property under a power of sale, applies to guarantors who are also partners of the entity primarily liable for the debt. ■■■ Unquestionably after the creditor has resorted to foreclosure under a power of sale in a deed of trust, it is not entitled to pursue the principal obligors for a

deficiency. Assuming that guarantors, unlike principal obligors, are not protected against a suit for a deficiency which follows a nonjudicial foreclosure on a power of sale, a point not entirely free from doubt (*Stephenson* v. *Lawn*, 155 Cal.App.2d 669, 671 [318 P.2d 132]; *Riddle* v. *Lushing*, 203 Cal.App.2d 831, 837 [21 Cal.Rptr. 902]), still in the present case it clearly appears that the supposed guarantors against whom suit has been brought are nothing more than principal obligors under another name. It is settled that liability as a guarantor adds nothing to the primary liability of a principal obligor. (*Valinda Builders, Inc.* v. *Bissner*, 230 Cal. App.2d 106 [40 Cal.Rptr. 735].) In our view, respondents, both as principal obligors and as supposed guarantors, are entitled to the full protection of Code of Civil Procedure, section 580d, just as the guarantors in *Riddle* v. *Lushing*, 203 Cal.App.2d 831, 834 [21 Cal.Rptr. 902], were entitled as primary obligors to the full benefits and protection of section 580b, the section which prohibits deficiency judgments on purchase money mortgages.

Plaintiff's attempt to distinguish *Riddle* and *Valinda* on the ground that those cases invoked a rule which applies to purchase money obligations and not otherwise receives no support from the text of section 580d, which by its terms broadly applies to any deficiency on any note secured by real property which has been foreclosed under a power of sale. Nor do we find substantial plaintiff's argument that the liability of respondents under their guaranty was more extensive than their liability as partners in the partnership, and hence one liability did not duplicate the other. The obligation of a surety cannot be greater or more burdensome than that of the principal. (Civ. Code, § 2809.) Both as guarantors and as partners respondents were jointly liable for the debt on the default of the principal obligor. (Rest., Contracts, § 112; Corp. Code, § 15015, subd. (b).)

The order is affirmed.

Roth, P. J., and Herndon, J., concurred.