[Civ. No. 8673.   Fourth Dist., Div. Two.   Mar. 20, 1968.]

BYRON H. COMSTOCK, Plaintiff and Appellant, v. EDWARD J. FIORELLA, Defendant and Respondent.

---

*Assigned by the Chairman of the Judicial Council.

John A. Griffin for Plaintiff and Appellant.

Rimel, Harvey & Helsing, George G. Logan and Richard N. Rimel for Defendant and Respondent.

McCABE, P. J.—Plaintiff appeals from a summary judgment entered in favor of defendant. The trial court found Code of Civil Procedure, section 580b, prevented its rendering a deficiency judgment.

The evidence reflects assets of a partnership, in which plaintiff and defendant were the sole members, consisted of a bank account, real property, furniture and fixtures, gardening equipment and rents due from tenants occupying the real property. A section of the preamble to the written partnership dissolution agreement provided, ". . . WHEREAS, the parties have agreed to terminate the partnership and to distribute the partnership assets between them. . . ." The agreement pro-

vided in part that: (a) debts of the partnership would be promptly paid; (b) closing income tax returns would be prepared and filed; (c) the partnership property would be transferred to Fiorella who would assume the encumbrance then existing on a parcel of real property owned by the partnership and give a note for $6,500 to his partner, Comstock, which note was to be secured by a junior trust deed on the real property. By the terms of the agreement, as incorporated into the note, no payment of either principal or interest would be due for one year. From the agreement of dissolution and termination it must be concluded that the partners agreed Comstock's partnership interest had a value of $6,500.

Before the due date of any payment on the Fiorella-Comstock note, the senior trust deed beneficiary declared a default and exercised his power to sell the real property. The beneficiary bid in the real property for the amount of indebtedness due on the senior trust deed note. Plaintiff had no notice of this sale. Thus, all security for the Fiorella-Comstock note was exhausted. Before the sale engendered by default under the senior trust deed, plaintiff Comstock did not file a request for notice under Civil Code, section 2924b.

Both parties herein moved for a summary judgment and it is conceded that no triable issues of fact exist. ▮▮▮ It is for this court to determine whether the trial court erred as a matter of law in finding plaintiff's action was barred by Code of Civil Procedure, section 580b.

Defendant relies primarily on *Brown* v. *Jensen*, 41 Cal.2d 193 [259 P.2d 425], holding that under Code of Civil Procedure, section 580b, a non-selling junior encumbrancer loses both his security and any right to proceed to personal judgment on the note secured when the senior encumbrancer forecloses and sells out. *Brown, supra,* has been severely criticized (Hetland, *Deficiency Judgment, Limitations in California—A New Judicial Approach,* 51 Cal.L.Rev. 1, 7-12) and arguably overruled in fact but not by name in *Roseleaf Corp.* v. *Chierighino,* 59 Cal.2d 35 [27 Cal.Rptr. 873, 378 P.2d 97], (Hetland, *Real Property and Real Property Security: The Well-Being of the Law,* 53 Cal.L.Rev. 151, 159, 162). The *Brown, supra,* case did *not* involve the dissolution and termination of a partnership.

The question posed raises two issues: (1) Did the transaction related create a "purchase money security?" and, (2) If so, should *Brown* or *Roseleaf, supra,* reasoning control? Answering the initial question is determinative of the case.

· Plaintiff argues the junior encumbrance was not given in connection with a ''purchase'' but rather was pursuant to ''dissolution and distribution'' of partnership assets. Plaintiff further contends he could not be a ''vendor'' since the partnership held title as an entity. Defendant counters that partners are coowners in specific partnership property and have an *undivided* right to their respective shares upon dissolution, therefore, any transfer between copartners constitutes a ''sale'' and provides a basis for ''purchase money'' security. In support of his theory, defendant cites Corporation Code, sections 15025 and 15038, and *Riddle* v. *Lushing,* 203 Cal. App.2d 831 [21 Cal.Rptr. 902].

Corporation Code, section 15025, provides: ''A partner is co-owner with his partners of specific partnership property holding as a *tenant in partnership.*'' (Italics added.)

Corporation Code, section 15038, provides: ''. . . each partner, as against his co-partners . . . may have the partnership property applied to discharge its liabilities, and the *surplus applied to pay in cash the net amount owing to the respective partners.*'' (Italics added.)

It does not follow from these or any other related sections or case authorities that a copartner's interest in real property held by the partnership becomes an *undivided* interest upon dissolution. Section 15038, *supra,* contemplates a procedure in the nature of an accounting upon dissolution. Copartners can accomplish such accounting and final settlement by extrajudicial agreement. (*Logoluso* v. *Logoluso,* 233 Cal.App.2d 523, 528 [43 Cal.Rptr. 678]; *Pilch* v. *Milikin,* 200 Cal.App.2d 212, 223 [19 Cal.Rptr. 334].) The agreement, however, retains the character and legal effect of an accounting and distribution and does not constitute a sale and purchase of the partnership's real property. The interest of a partner in the firm assets is the share to which he is entitled after claims against the firm and accounts between the partners are settled; it is an equitable interest enforceable by an action for an accounting, (*Hill* v. *Hill,* 82 Cal.App.2d 682, 700-701 [187 P.2d 28] [overruled on other grounds]; *Clarke* v. *Fiedler,* 44 Cal.App.2d 838, 848-849 [113 P.2d 275] [holding that a transfer of realty pursuant to a partnership agreement did not constitute a sale and was therefore outside the statute of frauds]). A partner's interest in partnership property extends jointly to the whole thereof and is *not undivided.* (*Azevedo* v. *Sequeira,* 132 Cal.App. 439, 443 [22 P.2d 745].)

In cases as early as *Dupuy* v. *Leavenworth,* 17 Cal. 262,

267, courts rejected the proposition that copartners are tenants in common. In the *Dupuy, supra,* case the court stated: "In equity, real property acquired with partnership funds for partnership purposes is regarded as personal estate, so far as the payment of partnership debts and the adjustment of partnership rights are concerned. The real and beneficial interest which each partner possesses in the partnership property is the balance coming to him after the payment of the partnership debts, and the settlement of accounts with his copartners." (Also see Civ. Code, § 686; *Bumb* v. *Bennett,* 51 Cal.2d 294, 301 [333 P.2d 23]; *Clarke* v. *Fiedler, supra,* 44 Cal.App.2d 838, 848.)

█ The partnership interest held by a copartner is treated in equity as personalty. *Bastian* v. *Bastian,* 215 Cal. 662, 668 [12 P.2d 627]; *Bates* v. *Babcock,* 95 Cal. 479, 487 [30 P. 605, 29 Am.St.Rep. 133, 16 L.R.A. 745].) In *Bates, supra,* the court treated the partner's interest as personalty notwithstanding that the partnership property was realty. This doctrine was approved in the *Bastian, supra,* case.

*Riddle* v. *Lushing, supra,* 203 Cal.App.2d 831, is not in point. Although holding section 580b applicable to partnerships, the court did so where a first trust deed holder, after default by the partnership, proceeded against the partners individually as guarantors. *Riddle, supra,* found the copartners to be coowners of partnership property and therefore primary obligors. Unlike *Riddle, supra,* and *Brown* v. *Jensen, supra,* 41 Cal.2d 193, the obligation secured in the instant case arose *not* from a single real property purchase and credit transaction, but subsequent and unrelated to the partnership's purchase of the realty. █ The present obligation was created by the dissolution and termination of a partnership in which there was both real and personal property. As stated, the interest of each party in the partnership was personal property and the note given by Fiorella merely established, in dollar amount, Comstock's equitable share of the total partnership net assets. Comstock sold nothing which was his nor did Fiorella purchase something not his. At the time of executing the necessary documents to effect dissolution, the interest of each partner in the real property was joint and personal and not within the purview of Code of Civil Procedure, section 580b.

Corporation Code, section 15026, states: "A partner's interest in the partnership is his share of the profits and *surplus,* and the same *is personal property.*" (Italics added.)

"Surplus" has been defined in Black's Law Dictionary (4th ed.) as meaning: "That which remains of a fund appropriated for a particular purpose; the remainder of a thing; the overplus; the residue."

*Piedmont Publishing Co.* v. *Rogers,* 193 Cal.App.2d 171, 190 [14 Cal.Rptr. 133], adopted the following definition of "surplus": "Ballentine defines 'surplus' as: 'The term "surplus" means the excess of assets at book value (all proper deductions having been made), over liabilities plus stated capital.' (Ballentine, 1949 ed., § 136, p. 184.)' "

One definition of "equity" applicable to the facts of this case is given in Black's Law Dictionary (4th ed.) as follows: ". . . the amount or value of a property above the total liens or charges."

The inescapable conclusion must be that the partners, Comstock and Fiorella, totalled the value of partnership assets, subtracted the liens and charges and concluded $6,500 represented one-half the surplus. This amount then was the equity of Comstock in the partnership. This equity interest was personal property. Proceeds from sale of the realty herein were wholly absorbed by the senior lien and exhausted the security of the junior lienor. ██ Although the law of California has long been that there is only "one form of action," as delineated in Code of Civil Procedure, section 726, the rule has no application to a junior lienholder whose security has been exhausted by a sale under the terms of a senior encumbrance. (*Savings Bank of San Diego County* v. *Central Market Co.,* 122 Cal. 28, 33-36 [54 P. 273] ; *Schwerin* v. *Shostak,* 213 Cal.App.2d 37, 43 [28 Cal.Rptr. 332] ; see also *Roseleaf Corp.* v. *Chierighino, supra,* 59 Cal.2d 35, 39.)

Judgment reversed with direction to grant plaintiff's motion for summary judgment and deny defendant's motion for summary judgment and enter judgment accordingly.

Kerrigan, J., and Tamura, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 29, 1968.