[Civ. No. 9037.   Fourth Dist., Div. Two.   Feb. 18, 1969.]

UNION BANK, Plaintiff and Respondent, v. IRA L. BRUM-MELL et al., Defendants and Appellants.

James A. Poore for Defendants and Appellants.

Loeb & Loeb and Howard I. Friedman for Plaintiff and Respondent.

McCABE, P. J.—This is an action for a deficiency after nonjudicial sale against defendants alleging them to be guarantors of a secured note. On February 12, 1964, Efficient Investments, Inc.[1] by its president, defendant Ira Brummell, and secretary, defendant Max Dillman, executed in favor of Union Bank a note in the amount of $1,700,000 secured by a deed of trust. The trust deed encumbered property appraised by the bank at $2.100,000. This appraisal was made by the bank in December 1963. Defendants personally endorsed the note and, in addition, executed continuing guarantees.

On November 12, 1965, at the trustee's sale, the bank purchased the encumbered property for $1.614,000. After certain adjustments, a claimed deficiency of $182,447.89 remained unpaid. The bank subsequently brought action on the defendants' continuing guarantees, and, after trial by the court, was awarded judgment in the sum of $182,447.89 principal, plus interest of $18,097.19, and attorney fees of $2,272.24.

The sole issue on appeal is whether the defendants were within the protective blanket of the antideficiency law.

In the joint pretrial statement signed by the respective attorneys, one of the listed issues in the case was whether defendants were insulated from liability by virtue of the provisions of Code of Civil Procedure. section 580d. In a supplemental pretrial statement, defendants set forth as issues in dispute: whether Efficient Investments, Inc. was formed by defendants only to take title to the land given as security; and, whether defendants were the sole owners of the stock of Efficient Investments, Inc.

---

[1] Efficient Investments, Inc. is not a party to this action.

At trial herein, defendants offered to prove that: originally the property given as security was to be purchased by the individual defendants; the bank advised or required them to transfer title to the property to a corporation; and, the bank intended by this device to avoid the antideficiency statutes. Also, at trial the evidence reflected the corporation was in existence at the time of the execution of the note and deed of trust, was not formed for the purpose of taking title in its name, and the stock was solely owned by defendants.

Section 580d of the Code of Civil Procedure provides in pertinent part: ''No judgment shall be rendered for any deficiency upon a note secured by a deed of trust or mortgage upon real property hereafter executed in any case in which the real property has been sold by the mortgagee or trustee under power of sale contained in such a mortgage or deed of trust.'' ▮ It has long been settled that the provisions of this section may not be waived in advance by the prospective debtor. (*Freedland* v. *Greco,* 45 Cal.2d 462, 467 [289 P.2d 463]; see also *Valinda Builders, Inc.* v. *Bissner,* 230 Cal.App. 2d 106, 112 [40 Cal.Rptr. 735].) ▮ Moreover, our courts have recognized a distinction between ''true'' guarantees and purported guarantees executed by one who is, in fact, the primary obligor. As to the latter, the antideficiency statutes have continued to apply. (*Everts* v. *Matteson,* 21 Cal.2d 437 [132 P.2d 476] [Code Civ. Proc., 580a]; *Union Bank* v. *Dorn,* 254 Cal.App.2d 157, 159 [61 Cal.Rptr. 893] [Code Civ. Proc., 580d]; *Valinda Builders, Inc.* v. *Bissner, supra,* 230 Cal.App. 2d 106; *Riddle* v. *Lushing,* 203 Cal.App.2d 831 [21 Cal.Rptr. 902] [Code Civ. Proc., 580b].)

The above cited cases may be factually distinguishable from the case at bench, but the legal principle involved remains the same. ▮ The legislative purpose against deficiency judgments may not be subverted by use of a corporation with the true principal obligor relegated to the position of guaran-▮ ▮ The contentions filed at pretrial when coupled with defendants' offer of proof sufficiently raised this issue.

Moreover, even if defendants were unable ultimately to prove their unity of interest theory, we conclude the recent appellate opinion in *Union Bank* v. *Gradsky,* 265 Cal.App.2d 40 [71 Cal.Rptr. 64] (hearing denied by California Supreme Court) is dispositive of this case. In *Gradsky,* an action was brought by plaintiff bank upon Max Gradsky's continuing guarantee of a construction loan obtained by Bess Grad-

sky from plaintiff bank.[2] The appellate court determined that under the facts of the case, defendant Max Gradsky's guarantee was a "true" guarantee (p. 42). Premised upon that determination, the appellate court stated at p. 43: "At the time of Bess's default the Bank had three options: (1) It could have brought an action for judicial foreclosure, joining Max and Bess; (2) it could have sued Max upon his guarantee for the full amount of the unpaid balance of the principal obligation without proceeding against either Bess or the security; or (3) it could have realized upon the security by way of a nonjudicial sale."

In applying the options which the plaintiff bank had upon Bess's default, the appellate court decided plaintiff bank, by its failure to bring a judicial foreclosure naming Bess and Max as defendants or to sue Max for the full amount of his guarantee without proceeding against Bess or the security, could not maintain the action against Max for what amounted to a deficiency. The theory was one of estoppel with the court concluding that the bank, by proceeding as it did, had exercised an election of remedies which destroyed the guarantor's subrogation rights against the principal debtor.

In the case at bench, plaintiff bank brought its action against defendants upon their continuing guarantees *after* exercising its right to have a nonjudicial sale of the security. On this appeal plaintiff bank insists the defendants are "true" guarantors and not principal obligors on the note which was secured by the trust deed. If this insistence be a fact, then the *Gradsky* opinion is controlling.

Plaintiff urges that the guarantee agreement herein contains a waiver of the rights delineated in *Gradsky*. However, after a careful examination of this instrument, we must conclude that it does not contain an "explicit waiver" and like the court in *Gradsky*, "[W]e shall not strain the instrument to find that waiver by implication." (265 Cal.App.2d at p. 48.)

The judgment is reversed with directions to the trial court to enter judgment for defendants.

Kerrigan, J., and Tamura, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 17, 1969.

---

[2]The record before the appellate court in *Gradsky* did not show any marital or blood relationship between Max Gradsky and Bess Gradsky.