[Civ. No. 27048. First Dist., Div. Two. Mar. 12, 1971.]

JOHN F. BAUMAN, Plaintiff and Appellant, v.
EDWARD CASTLE et al., Defendants and Respondents.

**COUNSEL**

Robert O. Wilhelm for Plaintiff and Appellant.

Edward Castle, in pro. per., Regalado & Lindquist and Mario R. Regalado for Defendants and Respondents.

**OPINION**

**SHOEMAKER, P. J.**—Plaintiff brought this action against the guarantors of a promissory note following a nonjudicial sale under a second deed of trust of the property securing the note. Judgment was entered for defendants and plaintiff appeals.

The facts are essentially without dispute. Plaintiff John Bauman was the owner of an interest in an apartment building located in Redwood City, and in March 1964 the building was sold. For his interest in the property, plaintiff received $16,000 in cash, an assignment of the promissory note involved herein in the face amount of $40,000, which was secured by a second deed of trust on an apartment building in Mountain View, and a guaranty of said note executed by defendants William Dias, Samuel Stewart and Edward Castle.

The promissory note assigned to plaintiff had originally been executed in December 1963 as part of the purchase price paid when Cornelius and Elena Gillespie bought the Mountain View apartment building from Robert

and Eileen Gronachon. The Gillespies were the trustors under the note and the Gronachons were the beneficiaries. The note was subsequently assigned by the Gronachons to New Castle Realty and in turn by it to defendants Dias, Stewart and Castle, who were all employees of New Castle Realty. In March 1964, when plaintiff sold his interest in the Redwood City apartment building, defendants Dias, Stewart and Castle assigned the note with recourse to plaintiff and also executed a written guaranty and promise with respect to the note. The guaranty limited Castle's liability to 25 percent, Dias' liability to 37½ percent, and Stewart's liability to 37½ percent. The guaranty and promise contained a waiver of defendants' right to require plaintiff to proceed against the security provided by the principal debtors, and defendants agreed that plaintiff "may proceed against the undersigned directly and independently of the makers. . . ."

Contemporaneous with the execution of the guaranty, defendants received from John Minor and William Norton, two other employees of New Castle Realty, a guaranty and promise that Minor and Norton would reimburse defendants to the extent of 30 percent of any loss which defendants might suffer as a result of their guaranty to plaintiff.

In November 1965, the Gillespies ceased making the monthly payments called for. In January 1966, plaintiff also learned that the Gillespies were in arrears on the payments due under the first deed of trust on the Mountain View property.

In August 1966, proceedings were commenced to foreclose under the power of sale in the second deed of trust, and defendants were given notice of the trustee's sale. The amount due and owing on the note secured by the second deed of trust was $38,337.11. The trustee's sale was held on December 30, 1966. None of the defendants were present, and plaintiff was the only bidder. He purchased the property for $5,000. Plaintiff thereafter commenced the instant action against defendants, as guarantors, to recover the balance due under the promissory note.

At the conclusion of the trial, the court indicated in a memorandum decision that it had decided the case in favor of plaintiff. However, the court subsequently issued a "memorandum decision after reconsideration" in which it determined that the recent case of *Union Bank* v. *Gradsky* (1968) 265 Cal.App.2d 40 [71 Cal.Rptr. 64], compelled a decision in favor of defendants.

Judgment for defendants was accordingly entered.

In *Union Bank* v. *Gradsky, supra,* plaintiff bank made a construction loan to a property owner and took back a note secured by a first deed of trust on the property. As additional security for the construction loan, defendant Gradsky, the general contractor, guaranteed the note. When the note was not paid on the maturity date, the bank caused the security to be sold at a trustee's sale and the bank bid in the property. The bank then brought suit against Gradsky on his guaranty to recover the amount remaining unpaid on the note. The trial court sustained a demurrer to the complaint without leave to amend and entered a judgment of dismissal. The appellate court affirmed the judgment on the ground that the bank was estopped from seeking a deficiency judgment against the guarantor because the bank had elected to pursue the remedy of a nonjudicial sale of the security and had thereby destroyed the guarantor's right to obtain reimbursement from the principal debtor. The court pointed out that Code of Civil Procedure section 580d, prohibits a deficiency judgment where property has been sold under a power of sale contained in a deed of trust. The court noted that the bank had three options when the principal debtor defaulted on the note: (1) it could have brought a judicial foreclosure action against the principal debtor and the guarantor; (2) it could have sued the guarantor for the full amount due under the note; or (3) it could have realized upon the security by way of a nonjudicial sale. If the bank had chosen the first remedy, the bank could have obtained a deficiency judgment against the principal debtor, and the principal debtor would have had a statutory right of redemption. If the bank had chosen the second remedy, the guarantor would have been subrogated to all the bank's rights against the principal debtor and could have pursued either judicial sale of the security, thereby obtaining a deficiency judgment, or nonjudicial foreclosure, thereby foregoing a deficiency judgment but cutting off the debtor's right of redemption. When the bank instead chose to pursue the third remedy of nonjudicial foreclosure, it was barred, under Code of Civil Procedure section 580d, from obtaining a deficiency judgment against the principal debtor. It followed that if the bank were allowed to recover from the guarantor the unpaid balance due on the note, the guarantor could not acquire any rights from the bank by subrogation because the bank no longer had any rights against the principal debtor and no security remained after the sale. The court concluded that the bank, having elected to create this situation, was estopped from suing the guarantor.

▮ Plaintiff contends that the *Union Bank* case is readily distinguishable from the instant case because the deed of trust in the *Union Bank* case was executed as security for a construction loan, whereas the deed of trust in the instant case was executed by the Gillespies in favor of their grantors as security for the unpaid portion of the purchase price of the

property. Plaintiff points out that Code of Civil Procedure section 580b, absolutely prohibits a deficiency judgment following a sale of real property under a purchase money deed of trust. Plaintiff reasons that his election to pursue the remedy of nonjudicial foreclosure rather than judicial foreclosure could not conceivably have altered plaintiff's rights nor those of defendants, as his potential subrogees. Thus, plaintiff's election to foreclose nonjudicially did not result in a loss of the right to obtain a deficiency judgment against the principal debtors, the Gillespies, because Code of Civil Procedure section 580b, precluded the existence of any such right, and a deficiency judgment could not have been obtained against the Gillespies even if plaintiff had foreclosed judicially. We agree.

The nonpurchase money nature of the security in the *Union Bank* case was the prime consideration in the decision therein. The court in that case specifically noted that "Neither party contends that the loan was used to pay any part of the purchase money of the land to be improved." (*Union Bank* v. *Gradsky, supra,* at p. 41, fn. 1.) In the instant case, although defendants make some claim to the contrary, the documentary evidence introduced at the trial undisputedly establishes that the deed of trust executed by the Gillespies and ultimately assigned to plaintiff was a purchase money security. Since a deficiency judgment was absolutely prohibited by Code of Civil Procedure section 580b, plaintiff's election to foreclose nonjudicially could not have prejudiced defendant guarantors and there is accordingly no basis for imposing an estoppel against plaintiff.

Defendants argue that by exercising the power of sale under the deed of trust, plaintiff deprived defendants of the "judicial protection of fair bidding at the sale. . . ." It suffices to point out that defendants were given notice of the trustee's sale and had every opportunity to be present and to bid on the property themselves if they felt that it was being sold for less than its fair market value. In fact, the property was encumbered by a first deed of trust on which $197,000 was due and owing. There is no evidence to suggest that plaintiff's bid of $5,000 was less than the fair market value of the property.

Under these circumstances, it is apparent that the *Union Bank* case is not controlling and that the instant case is one which falls within the well established rule that the protective provisions of the Code of Civil Procedure (§§ 580b and 580d) shield only the principal debtor and not the guarantors, such as defendants, who were separately and independently liable to plaintiff. (*Katz* v. *Haskell* (1961) 196 Cal.App.2d 144 [16 Cal. Rptr. 453]; *Heckes* v. *Sapp* (1964) 229 Cal.App.2d 549 [40 Cal.Rptr. 485]; *Lange* v. *Aver* (1966) 241 Cal.App.2d 793 [50 Cal.Rptr. 847]; *Engelman* v. *Gordon* (1966) 242 Cal.App.2d 510 [51 Cal.Rptr. 627]; see

also, California Real Estate Secured Transactions (Cont. Ed. Bar 1970) pp. 309-322; but see *Union Bank* v. *Brummell* (1969) 269 Cal.App.2d 836 [75 Cal.Rptr. 234].)

The judgment is reversed, with directions to the trial court to enter judgment against the defendants in the amount of the balance of the note, together with interest thereon, reasonable attorney's fees and costs.

Taylor, J., and David, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.