**WESTINGHOUSE CREDIT CORPORATION,**
Plaintiff,

v.

**James BARTON, Defendant.**

**No. SACV 90–818–GLT (RWRx).**

U.S. District Court,
C.D. California.

April 20, 1992.

Jeffrey A. Kent, Poindexter & Doutré, Inc., Los Angeles, Cal., for plaintiff.

Paul H. Parilla, Heidi Knapp Leanders, Parilla & Militzok, Irvine, Cal., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

TAYLOR, District Judge.

This case is one in a series testing the scope of California's anti-deficiency statutes (Code of Civil Procedure §§ 580a–580d and 726). It presents the novel question whether § 580d, which prohibits a deficiency judgment after non-judicial foreclosure of real property, applies to a guarantor who is also a general partner of a partnership primary debtor if the loan is "non-recourse." The court holds the "non-recourse" provision does not prevent operation of the anti-deficiency statute, and grants summary judgment for defendant.

### I. BACKGROUND

In 1988, Plaintiff Westinghouse Credit Corporation loaned $18 million to three related partnerships to purchase real property. The loan was made "non-recourse" to the partnerships and their general partners. One general partner, defendant Barton, signed a personal guaranty for $3,750,000. The other general partner did not sign any guaranty.

The partnerships defaulted on the loan, plaintiff obtained $13,850,000 from a nonjudicial foreclosure sale, and then plaintiff sued defendant on his guaranty. Defendant claimed protection under California's anti-deficiency statute, Code of Civil Procedure § 580d.

The parties present cross-motions for summary judgment which raise one controlling issue: whether the "non-recourse" nature of the loan separates defendant from his normal status as a principal obligor with the partnership, and makes it possible for him to be a true guarantor outside the protection of the anti-deficiency statutes.

### II. DISCUSSION

California Code of Civil Procedure §§ 580a–580d and 726 are referred to as California's anti-deficiency statutes. These provisions limit a lender's right to recover a deficiency judgment. C.C.P. § 580d provides in relevant part:

No judgment shall be rendered for any deficiency upon a note secured by a deed of trust of mortgage upon real property ... hereafter executed in any case in which the real property ... has been sold by the mortgagee or trustee under power of sale contained in the mortgage or deed of trust.

"The legislature clearly intended to protect the debtor from personal liability following a non-judicial sale of the security. No liability, direct or indirect, should be imposed upon the debtor following a non-judicial sale of the security." *Union Bank v. Gradsky*, 265 Cal.App.2d 40, 46, 71 Cal. Rptr. 64 (1968).

Although various novel efforts have been made through the years to avoid the operation of the anti-deficiency statutes, the courts have liberally construed the statutes to reject various devices to evade the statutes. *See, e.g., Union Bank v. Dorn*, 254 Cal.App.2d 157, 61 Cal.Rptr. 893 (1967). Regardless of the tactics used, courts have consistently rejected efforts to circumvent the anti-deficiency statutes due to the strong historical basis upon which the statutes originated. *Simon v. Superior Court*, 4 Cal.App. 4th 63, 5 Cal.Rptr.2d 428 (1992).

The anti-deficiency statutes came out of the depression in an effort to protect debtors from losing property at a depressed foreclosure price, and also incurring a large deficiency judgment for the balance. *Simon*, 4 Cal.App. 4th at 68, 5 Cal.Rptr.2d at 431. The problem is minimized in judicial sales, where the judgment debtor can redeem the property within one year after the sale by tendering the sale price. However, property sold at a non-judicial sale was not subject to redemption. *Id.* at 68–70, 5 Cal.Rptr.2d at 431–32. To alleviate this perceived inequity, California enacted § 580d, which bars a deficiency judgment following a non-judicial foreclosure sale.

"It seems clear ... that § 580d was enacted to put judicial enforcement on a parity with private enforcement.... The right to redeem, like proscription of a deficiency judgment has the effect of making the security satisfy a realistic share of the debt. By choosing ... to bar a deficiency judgment after private sale, the legislature achieved its purpose without denying the creditor his election of remedies."

*Roseleaf Corp. v. Chierighino*, 59 Cal.2d 35, 43–44, 27 Cal.Rptr. 873, 378 P.2d 97 (1963).

■ As a result, deficiency judgments are permitted only following judicial foreclosure, where the debtor can exercise the right of redemption. Upon a non-judicial sale, with no right of redemption, the creditor is deprived of a deficiency judgment. *Union Bank v. Gradsky*, 265 Cal.App.2d 40, 42–43, 71 Cal.Rptr. 64 (1968); *Simon v. Superior Court*, 4 Cal.App. 4th 63, 5 Cal. Rptr.2d 428 (1992).

■ While the anti-deficiency statutes prevent a deficiency judgment against a primary obligor or debtor, there is no such prohibition on recovery against a true guarantor of the loan. *See Bauman v. Castle*, 15 Cal.App.3d 990, 994, 93 Cal.Rptr. 565 (1971). However, the statutes will prevent a deficiency judgment against a "guarantor" who is also a principal debtor:

It is well established that where a principal obligor purports to take on additional liability as a guarantor, nothing is added to the primary obligation. The correct inquiry [is], ... are the supposed guarantors nothing more than the principal obligors under another name? As stated in *Union Bank v. Brummell*, 269 Cal. App.2d 836, 838 [75 Cal.Rptr. 234] (1969), the legislative purpose of the anti-deficiency law may not be subverted by attempting to separate the primary obligor's interests by making a related entity a debtor while relegating the true principal obligors to the position of guarantors.

*Torrey Pines Bank v. Hoffman*, 231 Cal. App.3d 308, 319–320, 282 Cal.Rptr. 354 (1991) (citations omitted).

■ Under this theory, general partners who guarantee the loan of their partnership are protected under the anti-deficiency statutes. *Union Bank v. Dorn*, 254 Cal. App.2d 157, 61 Cal.Rptr. 893 (1967). In *Dorn*, the court reasoned that the defen-

dants, as general partners of the borrower partnership, already were personally liable on the loan as primary obligors, so their guaranty added nothing more to their liability. The court concluded that "the supposed guarantors ... are nothing more than the principal obligors under another name." *Id.* at 159, 61 Cal.Rptr. 893.[1]

■ The case at bar, however, presents a factor that is apparently not present in another reported anti-deficiency case: the partnership obligation at issue was made "non-recourse." Plaintiff argues that, by making the debt non-recourse, the general partner was relieved of principal liability on the debt and, no longer being a principal obligor with anti-deficiency protection, he could validly take on the separate unprotected obligation of a guarantor.

The court holds this device to avoid the anti-deficiency statutes is ineffective, and defendant has the protection of those statutes. The legal effect of the anti-deficiency law is already to make loans "non-recourse" to general partners after non-judicial foreclosure. The formal non-recourse provision adds nothing to that protection. The theory of *Union Bank v. Dorn* still applies.

*Commonwealth Mortgage Assurance Co. v. Superior Court*, 211 Cal.App.3d 508, 259 Cal.Rptr. 425 (1989), observed that courts should look to the purpose and effect of an agreement to determine whether they are attempts to recover deficiencies in violation of § 580d. The "legislature clearly intended to protect the debtor from personal liability following a non-judicial sale of the security. No liability, direct or indirect, should be imposed upon the debtor following a nonjudicial sale of the security." *Id.* at 516, 259 Cal.Rptr. 425 (quoting *Union Bank v. Gradsky*, 265 Cal.App.2d at 46, 71 Cal.Rptr. 64). Here, the result of allowing a non-recourse provision to quali-

fy a general partner as separately a guarantor would be to circumvent the legislative intent of the anti-deficiency statutes.

■ Plaintiff argues that the guaranty was not an effort to evade the anti-deficiency statutes, but was for the legitimate business purpose of protecting one of the partners who did not sign the guaranty from liability under the loan. While a partner can give an enforceable guarantee as a legitimate business purpose in some kinds of land purchase transactions (*See*, for example, *Paradise Land and Cattle Co. v. McWilliams*, 959 F.2d 1463 (9th Cir. March 30, 1992)), this is not such an instance. Under § 580d, any attempt to create recourse, or obtain a deficiency judgment, in a non-judicial sale is contrary to statute. The statutory rights and prohibitions provided in the anti-deficiency statute cannot be contractually avoided. *Torrey Pines Bank*, 231 Cal.App.3d at 319, 282 Cal.Rptr. 354; *Commonwealth Mortgage Assurance Co.*, 211 Cal.App.3d at 515, 259 Cal.Rptr. 425 (the anti-deficiency legislation was established for a public reason and cannot be contravened by a private agreement).

## III. DISPOSITION

Defendant is protected by California's anti-deficiency statute, Code of Civil Procedure § 580d, despite his nominal standing as a guarantor. Accordingly, summary judgment is granted in favor of defendant and against plaintiff. If defendant believes he is entitled to recover attorney fees, he may apply for fees when submitting his cost bill, and plaintiff may file such opposition as it deems appropriate.

---

1. A similar inquiry about "guarantors" of other types of business entity debtors has centered around whether the "guarantor" is really the alter ego of the business, and thus really a principal obligor. *See, e.g., Heckes v. Sapp,* 229 Cal.App.2d 549, 40 Cal.Rptr. 485 (1964), *Valinda Builders v. Bissner,* 230 Cal.App.2d 106, 40 Cal. Rptr. 735 (1964) and *Roberts v. Graves,* 269

Cal.App.2d 410, 75 Cal.Rptr. 130 (1969) (corporations); *Torrey Pines Bank v. Hoffman,* 231 Cal.App.3d 308, 282 Cal.Rptr. 354 (1991) (trust). However, no such inquiry is needed in this case because, as a matter of law, a partner is generally liable for the debts of the partnership. Cal. Corp. Code § 15015.