104 F.3d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re EL DORADO IMPROVEMENT CORPORATION, a California
Corporation, Debtor.
EL DORADO IMPROVEMENT CORPORATION, Plaintiff-Appellant,
and
Richard E. Hodge; Terryl A. Hodge, Creditors,
v.
DYNAMIC FINANCE CORPORATION; Richard K. Diamond,
Defendants-Appellees.
 No. 95-56004, 95-56016.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1996.*
Decided Nov. 13, 1996.
 
 Before: GOODWIN, WIGGINS, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 El Dorado Improvement Corporation (EDIC) and Richard and Terryl Hodge appeal the district court affirmance of three of Bankruptcy Judge Lax's orders concluding EDIC's bankruptcy proceedings. We independently review the bankruptcy court's decision, In re Maya Constr. Co., 78 F.3d 1395, 1398 (9th Cir.1996), and affirm.
 
 
 3
 This case arises out of an adversary proceeding in bankruptcy court between EDIC and its principal creditor, Dynamic Finance. EDIC challenged Dynamic's lien on its primary asset by alleging that Dynamic had violated California's "One Action Rule" and thus forfeited its lien. Richard Diamond, the bankruptcy trustee (the "Trustee") proposed settlement of the dispute with Dynamic, summary judgment in favor of Dynamic in the adversary proceeding, and approval of the sale of the bankruptcy estate's property. The bankruptcy court assented. EDIC appealed the approval of the Compromise Agreement with Dynamic, the summary Judgment in favor of Dynamic and the Sale Agreement to the extent that it implemented the challenged Compromise Agreement.
 
 
 4
 EDIC and the Hodges argued that Dynamic violated California's One Action Rule when it simultaneously tried to enforce its security interest in the property and its guaranties against the Hodges. However, Dynamic pursued its remedy against the Hodges as guarantors of the note. Generally a creditor may pursue the guarantors as well as filing a lien against the security. Loeb v. Christie, 6 Cal.2d 416, 418 (1936); United California Bank v. Maltzman, 44 Cal.App.3d 41, 54 (1974). The Hodges argued that several exceptions to the general rule applied to their case. They asserted that they were primary obligors of the note along with EDIC. They also claimed that they were an alter ego of EDIC.
 
 I. THE COMPROMISE AGREEMENT
 
 5
 In evaluating the bankruptcy judge's approval of the Compromise Agreement, this court need not decide the merits of EDIC's claim based on the One Action Rule. In reviewing the approval of the Compromise Agreement, this court looks at whether the Trustee's evaluation of the claim was reasonable. In re A & C Properties, 784 F.2d 1377, 1381 (9th Cir.1986). The Trustee discussed his reasons for settling the Adversary Proceeding in his motion to compromise and in the settlement agreement itself. The Trustee had held off from pursuing the Adversary Proceeding until the California courts gave some indication of the strength of the claims that Dynamic had violated the One Action Rule.
 
 
 6
 While its decision is not binding on this court, a California Appellate Court did address the merits of appellee's arguments and decided that California's One Action Rule does not apply to Dynamic. The California Supreme Court denied certiorari. The California Appellate Court found that the Hodges were true guarantors for the note and that they could not use the protections of California's One Action Rule.
 
 
 7
 The Trustee noted the California Appellate Court decision in his discussion of the proposed settlement agreement. The state appellate court decision significantly weakened the claim that Dynamic had violated the One Action rule and made settlement a more attractive option for the Trustee. The Trustee also considered that he had a buyer willing to purchase the Property if the Adversary Proceeding was resolved in a timely fashion.
 
 
 8
 Given the decision of the California court and the particular facts of this case, it was not an abuse of discretion for the bankruptcy court to approve the Trustee's proposed settlement.
 
 
 9
 II. SUMMARY JUDGMENT MOOT DUE TO APPROVAL OF COMPROMISE AGREEMENT
 
 
 10
 "Generally an appeal will be dismissed as moot when events occur which prevent the appellate court from granting any effective relief, even if the dispute is decided in favor of the appellant." In re Combined Metals Reduction Co., 557 F.2d 179, 187 (9th Cir.1977).
 
 
 11
 Since the Compromise Agreement settled the Adversary Proceeding, the summary judgment issue is moot. Even if this court reversed the bankruptcy judge's summary judgment, since the Compromise Agreement stands, there can be no effective relief.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3