145 F.3d 1340
 2 Cal. Bankr. Ct. Rep. 56
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re SAN DIEGO TELEVISION, INC., a California Corporation, Debtor.
Helen Smith, Appellant,
v.
Thomas E. Hom; Allen E. Hom; George G. Hom; James E. Hom;
Herbert H. Hom; William W. Newbern; James S.
Brown, Appellees.
In re San Diego Television, Inc., a California Corporation, Debtor.
Thomas E. Hom; Allen E. Hom; George G. Hom; James E. Hom;
Herbert H. Hom; William W. Newbern; James S.
Brown, Appe llees/Cross-Appellants,
v.
Helen Smith, Appellant/Cross-Appellee.
 Nos. 96-56639, CC-95-02097-MEVRU, 96-56663, CC95-02097-MEVRU.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1998.
Decided May 7, 1998.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel, Meyers, Volinn and Russell, Judges, Presiding.
 Before GIBSON,** SCHROEDER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Helen Smith appeals a decision of the Bankruptcy Appellate Panel to the extent it reversed an order of the bankruptcy court that had granted Smith's claim in the Chapter 11 bankruptcy proceedings of debtor San Diego Television ("SDTV") for indemnification of legal fees. Smith, a director of SDTV, had incurred the legal fees in her defense of a lawsuit brought by Citibank, N.A., to enforce Smith's guaranty of $17 million in loans made by Citibank to SDTV. SDTV had defaulted on the loans. The Hom Group, made up of shareholders of SDTV, cross-appeals the BAP's decision to the extent it affirmed post-petition salary for services rendered by Smith to SDTV.
 
 
 3
 Smith first contends that the BAP erred in holding that Smith was not sued in the guaranty litigation in her capacity as an officer or agent of SDTV, as required by the indemnity agreement between Smith and SDTV, and hence, was not entitled to indemnity from SDTV. The BAP was correct, however, because Citicorp sued Smith in her capacity as guarantor of SDTV's loan. Her guaranty was a promise that she personally would guarantee the loan, not a promise as an officer or agent, which would bind only the principal, SDTV. See H .R. Plate v. Sun-Diamond Growers of California, 225 Cal.App.3d 1115, 275 Cal.Rptr. 667, 673 (Ct.App.1990).
 
 
 4
 Her alternative argument, that she is entitled to indemnification under the "contribution" paragraph of the Indemnification Agreement, also fails. As the guarantor, she was not "jointly liable" with SDTV, the principal obligor as required under the Agreement. See Loeb v. Christy, 6 Cal.2d 416, 57 P.2d 1303, 1304 (Cal.1936).
 
 
 5
 In the cross-appeal, the Hom Group contends the bankruptcy court erred in allowing Smith's claim for post-petition salary because Smith, an SDTV insider, did not establish that the salary was inherently fair to SDTV and determined in good faith. The Hom Group is correct under controlling authority. See In re Marquam Investment Co., 942 F.2d 1462, 1465 (9th Cir.1991). Smith's only evidence to support her entitlement to the salary is her own testimony, which is not sufficient. See id.
 
 
 6
 The BAP decision in appeal number 96-56639 disallowing reimbursement of legal fees is AFFIRMED.
 
 
 7
 The order of the BAP in cross-appeal number 95-56663 allowing the salary claim is REVERSED.
 
 
 
 **
 The Honorable Floyd R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3